**CURTIS et al.**

v.

**FRUIN–COLNON CONTRACTING CO.**

No. 28897.

St. Louis Court of Appeals.

Missouri.

July 20, 1954.

Rehearing Denied Sept. 10, 1954.

J. D. Leritz, St. Louis, for appellant.

Charles E. Gray, St. Louis, for respondents.

WOLFE, Commissioner.

This is an action for trespass on plaintiffs' land which resulted in damage to a building upon it. The appeal before us is from the second trial of the case. When it was first tried there was a verdict for the plaintiffs in the sum of $8,000 and the defendant appealed to the Supreme Court, where the judgment was reversed because the plaintiffs' proof was insufficient as to the amount of damages. The case was remanded for trial on the issue of damages only. The trial upon this issue resulted in a verdict for $7,400 and from the resulting judgment the defendant prosecutes this appeal.

The building damaged was located on State Street in East St. Louis, Illinois.

The damage resulted from the defendant digging a ditch partly upon plaintiffs' property. The ditch was the preliminary step in the construction of a retaining wall for a parking lot connecting with a Sears-Roebuck store which the defendant was constructing. The ditch was left open for some time and partly filled with water during a heavy rainfall. The side of plaintiffs' building was caused to settle toward the ditch making cracks in the basement and building wall and throwing some windows and doors out of line so that they would not properly open or close. This briefly summarizes the facts on the first trial as they relate to the liability of the defendant and a fully detailed statement of them may be found in Curtis v. Fruin-Colnon Contracting Co., 363 Mo. 676, 253 S.W.2d 158. The trial here under consideration was limited, as stated, to the question of damages alone.

The building in question, which was constructed in 1906, was in a commercial section of East St. Louis. It was a one-story five-room brick building with a basement and bathroom. It had been occupied as a doctor's office with the three front rooms being used for that purpose and the other rooms served as living quarters for the custodian of the doctor's office. The building faced south and it was along the west wall that the ditch was dug. Much of the evidence consists of photographs of the house showing how the wall had settled and cracked and that the windows were out of line.

A Mr. Degenhardt, testifying for the plaintiffs, stated that there was a large crack in the brickwork over the opening into the hall. He said that the stonework of the foundation was irregular, due to the settling, and that there was a large crack in the stonework that ran up through the brick above it. It was about an eighth of an inch wide. The crack went up to a window and then appeared again toward the top of the wall. The window sills were out of level. On the inside the floor slanted toward the west well and the baseboard and trim had separated to an extent where they were completely out of joint. The doors would not close. The witness stated that in the basement there was a crack where a beam rested upon the foundation wall and there were other cracks in the foundation. In the basement floor there were some cracks and the floor was slightly tilted toward the west wall. He said that to repair the damage he would be required to brace the floor and ceiling joists from the inside and then take down all of the brickwork and the stonework of the basement on the west side. He would then put in additional footings and rebuild the wall. He stated that the work required to be done would cost $9200. Another builder testified that the reasonable cost of repairing the building was $10,000.

A Miss Meredith, who was a dealer in real estate and had known about the building before and after the damage to it, stated that before the damage the building, exclusive of the land, was worth about $16,000 and that after the damage it was worth from $1,500 to $2,000. Another witness placed the variance between the value of the property before and after the occurrence at $13,000, and another stated that the value had dropped from $12,000 to $15,000.

The defendant called three witnesses, one of whom testified that the loss of value was between $2,000 to $3,000, another placed it at $1,300, and still another at $1,000.

The first point raised is that the plaintiffs prejudicially brought to the jury's attention matters that related to the defendant's liability and that the trial, under the mandate of the Supreme Court, should have been limited to damages. The gravamen of the complaint is that, since the case was remanded for trial on the issue of damages only, any evidence or matters which showed the defendant liable for the damages were prejudicial. It is stated that the court erred in refusing to declare a mistrial and to discharge the jury when counsel for the plaintiffs in his opening statement said that the plaintiffs would prove that the defendant dug a ditch upon plaintiffs' property. It is also asserted that

the court erroneously permitted counsel to state the dimensions of the ditch and that plaintiff Curtis testified that the ditch was dug on her mother's property without permission. Some photographs put in evidence the defendant also considers prejudicial because they show the ditch as well as the building. It is likewise contended that the testimony of the tenant, who heard the wall crack and saw water come in, was erroneously admitted.

■ The appellant states that the trial court was obliged to follow the mandate of the Supreme Court. This is quite fundamental, as we stated in Larson v. Crescent Planing Mill Co., Mo.App., 227 S.W. 2d 485, loc.cit. 489:

"It is a conceded principle of law that where an appellate court remands a case to a trial court with specific directions as to the further course to be pursued, it becomes the duty of the trial court to do whatever is directed, and it has no power to do anything contrary to, beyond, or not embraced in such directions."

We then went on to say that the court must pursue the "general course directed". This the trial court did. The remanding of a case for trial upon one issue does not necessarily mean that evidence must be excluded because it tends to prove some other issues not before the jury, for the same evidence may be relevant to both the issue of liability and the issue of damages. Such evidence cannot be excluded on the ground that only one of the issues is being tried.

■ The depth and location of the ditch and the fact that it had water in it certainly were factors that might show the extent to which the wall was weakened. The evidence that the wall cracked and that water rushed·in could also be considered in determining the damage. A voluntary statement of Mrs. Curtis that the ditch was dug upon her mother's property without her permission was irrelevant but it was not prejudicial. The liability of the defendant had been established so it could not be hurt by the statement of a simple fact that related solely to its liability. Where a trial is limited to the issue of damages, the jury should be told that the liability of the defendant has been established, for otherwise they would be required to return a verdict against the defendant without knowing why, and this might well give rise to an understandable reluctance to return a verdict.

■ It is contended that the court erred in refusing to permit the defendant to show that there was a rainfall of 7.71 inches at the time the ditch was dug. This could only go to the question of liability. It was admitted in evidence in the first trial where the defendant claimed the damages were caused by an Act of God. That defense was disposed of in Curtis v. Fruin-Colnon Contracting Co., supra, and since the evidence had no place in the trial under consideration it was properly excluded.

■ The trial court sustained plaintiffs' objection to the reading by the defendant's counsel of the deposition of Gladys Curtis, and it is maintained that this was error. The portions of the deposition sought to be read were merely repetitions of the facts to which the witness had testified and the court did not err in excluding them. Williams v. Thompson, Mo.Sup., 251 S.W.2d 89.

■ It is contended that some photographs were improperly introduced in evidence but an examination of them discloses that they were all properly identified and each represented the condition of the plaintiffs' house after the damage, so the contention is without merit.

■ A further point in relation to photographs has to do with a statement made by a witness when shown a photograph offered by the defendant. The witness was asked if the exhibit properly portrayed the building. He said that it did not for it did not show the true position of the window. The window appeared square in the picture but it was not in fact. This witness concluded his remark about the picture by

saying, "I don't know how a trick photographer made it." There was an objection which was sustained, and the witness apologized. Counsel then requested that a mistrial be declared, which the court denied, and it is asserted that this was erroneous. There appears to be nothing in the occurrence to warrant such a drastic remedy. The picture was but one of many that the jury could view and appraise without the opinion of the witness so the court did not err in denying the request. Welch v. Thompson, 357 Mo. 703, 210 S.W.2d 79; Holman v. Terminal Railroad Ass'n of St. Louis, Mo.App., 125 S.W.2d 527.

It is contended that the court erred in sustaining plaintiffs' objection when counsel for the defendant sought to examine Gladys Curtis as to whether she could afford to make the repairs needed in the building. This is so plainly beyond any issue of the case that it is at once apparent that the trial court ruled properly.

One witness testified that dirt was thrown up against the building so that the porch steps could not be used. It is asserted that this was not material to the damages sustained. The evidence certainly went to the condition of the building before and after the ditch was dug and the court did not err in admitting it.

The final point urged is that the verdict is excessive. As stated, the plaintiffs' witnesses placed the damage to the building from $15,000 to $12,000. The defendant's witnesses placed the damage from $3,000 to $1,000. In view of this, the verdict cannot be held excessive for there was evidence sufficient to support an even larger award.

For the reasons stated, it is the recommendation of the Commissioner that the judgment of the circuit court be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

ANDERSON, P. J., not sitting.

RUDDY and BENNICK, JJ., concur.