Darryl BLOCKTON, Appellant,

v.

STATE of Missouri, Respondent.

No. 52229.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 3, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 10, 1987.

Application to Transfer Denied Jan. 20, 1988.

David C. Hemingway, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant Darryl Blockton appeals from the order of the trial court which sentenced him to consecutive terms of life, seventy-five, seventy-five, seventy-five and fifteen years imprisonment for five rape convictions and a concurrent term of fifteen years imprisonment for a kidnapping conviction. Defendant raises two points on appeal. He argues that the lower court erred by not reducing the time to be served for the five rape convictions. He also alleges that the interpretation by the lower court of the appellate court's mandate concerning sentencing raised an inference of

vindictiveness. We find defendant's contentions to be without merit.

Defendant was convicted of five counts of forcible rape and one count of kidnapping. On December 3, 1984, the trial court sentenced defendant to concurrent terms of life, seventy-five, seventy-five, seventy-five and fifteen years imprisonment for the rape convictions and to a consecutive term of fifteen years for the kidnapping conviction. Defendant's convictions were then affirmed in *State v. Blockton*, 703 S.W.2d 500 (Mo.App., E.D.1985). However, the appellate court noted that the imposition of concurrent sentences for the rape convictions was against the dictate of RSMo § 558.026.1 (1986), as the section requires that a sentence imposed for a sex crime be consecutive to the sentence for any other sex crime. *State v. Blockton*, 703 S.W.2d at 507. Thus, the appellate court vacated the concurrent rape sentences and remanded to the trial court "with instructions that defendant's five sentences for rape be ordered to be served consecutive to each other pursuant to § 558.026.1, RSMo Cum. Supp.1984." *Id.* The court further issued a mandate, directing that:

[the] cause be remanded to the trial court for resentencing in accordance with RSMo § 558.026.1 ... and that Darryl Blockton ... be committed to the Department of Corrections and Human Resources, State of Missouri, for confinement in the appropriate penal institution for a period of Life Imprisonment for Felony Forcible Rape on Count I; for a period of seventy-five (75) years for Felony Forcible Rape on Count II; for a period of seventy-five (75) years for Felony Forcible Rape on County III; for a period of seventy-five (75) years for Felony Forcible Rape on Count IV; for a period of fifteen (15) years for Felony Forcible Rape on Count V; and for a period of fifteen (15) years for Kidnapping on Count VI; said sentences to be served consecutively....

In accordance with the opinion and mandate of the appellate court, the lower court on September 15, 1986, resentenced defendant to consecutive terms of life, seventy-five, seventy-five, seventy-five and fifteen

years imprisonment for the rape convictions. The lower court also sentenced defendant to a concurrent term of fifteen years imprisonment for the kidnapping conviction. Defendant now appeals the sentences imposed on September 15, 1986.

In his first point, defendant claims that the lower court erred in not reducing the time to be served on the five counts of rape so as to approximate its original determination of the proper punishment for the crimes. Initially, we observe that the lower court was required to render its September 15, 1986, judgment in conformity with the mandate of the appellate court. *Morrison v. Caspersen*, 339 S.W.2d 790, 792 (Mo.1960). The court lacked the power to modify, alter, amend or in any manner depart from the mandate. *Id.* The mandate vested the court with the authority to take only such steps as were directed. *Durwood v. Dubinsky*, 361 S.W.2d 779, 783 (Mo.1962). In the present case, where the appellate court remanded the cause with specific directions as to the further course to be pursued, it was the duty of the lower court to do whatever was directed; it had no power to do anything contrary to, beyond, or not embraced in such directions. *Curtis v. Fruin–Colnon Contracting Co.*, 270 S.W.2d 537, 540 (Mo. App., E.D.1954). The court's order of September 15, 1986, followed the mandate's instructions with respect to defendant's five sentences for rape. This point is denied.

In his second point, defendant alleges that the interpretation by the lower court of the appellate court's mandate raised an inference of appellate vindictiveness. He relies on *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). In that case, the Court held that when a defendant *successfully* attacks his first conviction, due process requires that vindictiveness must play no part in the sentence he receives after a new trial. *Id.* at 725, 89 S.Ct. at 2080. *North Carolina v. Pearce* is clearly inapplicable to the present action, as here the defendant's appeal was unsuccessful; his case, therefore, was not retried. Further, *North Carolina v. Pearce* is limited to vindictiveness on the part of the trial judge, not the appellate court. *Id.* at 725, 89 S.Ct. at 2080. *Texas v. McCullough*, 475 U.S. 134, 106 S.Ct. 976, 979, 89 L.Ed.2d 104 (1986), emphasized that "vindictiveness of a sentencing judge is the evil the Court sought to prevent" in *North Carolina v. Pearce.* This point is denied.

 We note that the State correctly asserts that under RSMo § 558.026.1 (1986) defendant's kidnapping sentence should run consecutive to the rape sentences. *Adams v. State*, 688 S.W.2d 401, 402 (Mo. App., E.D.1985). However, we will not remand for resentencing, as the State did not file a cross-appeal on this issue. Rule 81.-04(b).

REINHARD, and CRIST, JJ., concur.