In re Marriage of Harriet L. HAL-BROOK, Petitioner, Respondent,

v.

Chester W. HALBROOK, Respondent, Appellant.

No. 37975.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 13, 1977.

Motion for Rehearing and/or Transfer
Denied Oct. 11, 1977.

Shaw, Howlett & Schwartz, Robert W. Meyers, Clayton, for defendant-appellant.

Kramer, Chused, Shostak & Kohn, Kenneth J. Bini, St. Louis, for plaintiff-respondent.

DOWD, Judge.

Harriet L. Halbrook filed a petition for dissolution of her twenty-eight year marriage in the Circuit Court of the County of St. Louis on November 4, 1974. She requested custody of the only unemancipated child, a boy age fifteen and also requested attorneys fees, child support and maintenance, and all marital property. Chester W. Halbrook filed a cross petition for dissolution, requesting custody of the child and also requesting all marital property. The court granted a dissolution of the marriage and ordered custody of the child to the husband.[1] The court made the following division of the marital property: Harriet Halbrook was awarded the family residence which was free of mortgage and valued at $30,000, all furniture and furnishings, and a 1972 Chevrolet which was in her possession at that time. Chester Halbrook was awarded one 1974 Chevrolet pickup truck. There was $2600.00 owed on the truck. The court denied the wife's requests for maintenance, and denied her request for additional attorneys fees.

1. The 15 year old son testified that he strongly preferred living with his father.

The only appeal of the judgment is by the husband. His sole point on appeal is that the trial judge awarded an excessive amount of marital property to the wife.

■ Respondent wife asks that the appeal be dismissed because the Point Relied On portion of the brief does not specify why the award was excessive. This motion is denied. For an excellent analysis of the proper writing of an appellate brief, see Weier & Fairbank, "Why Write a Defective Brief?", 33 *J.Mo. Bar* (No. 2), at 88 (1977).

In this court-tried case, we are required to affirm the judgment below unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In re Marriage of Carmack*, 550 S.W.2d 815, 817[1] (Mo.App.1977); *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976).

■ Section 452.330 RSMo Supp.1976 lists four factors which the trial court must consider in dividing marital property: 1) the contribution of each spouse to the acquisition of the marital property; 2) the value of the property set apart to each spouse; 3) the economic circumstances of each spouse at the time of the division of the property; 4) the conduct of the parties during the marriage. These factors are not exclusive. *In re Marriage of Heddy*, 535 S.W.2d 276, 281 (Mo.App.1976).

■ We note that the trial court did not make findings of fact and conclusions of law, nor was it required to do so in the absence of specific request. Accordingly, all fact issues are considered to be in accordance with the result. *Stark v. Stark*, 539 S.W.2d 779, 781[1] (Mo.App.1976).

We find that the wife contributed to the acquisition of the marital property by serving as homemaker for 28 years and raising three sons. She also had a job outside the home from 1966–68. We also note that there was some evidence of misconduct on the part of the husband.

The trial court is clothed with broad equitable powers to fashion decrees under the Dissolution of Marriage Act, including the inherent power to adjust the financial equities as between the parties. *McCully v. McCully*, 550 S.W.2d 911 (Mo.App.1977). The division of property between husband and wife is a subject peculiarly within the discretion of the trial court. *Conrad v. Bowers*, 533 S.W.2d 614, 623[18] (Mo.App. 1975). A fair and equitable distribution of property cannot be accomplished by the rigidity of a mathematical formula. *Seiner v. Seiner*, 552 S.W.2d 54, 56[3] (Mo.App. 1977). Rather the standard for dividing property is one which is flexible, and which balances respective contributions resulting in fairness and manifest justness. *Corder v. Corder*, 546 S.W.2d 798, 804[9] (Mo.App. 1977).

The trial court decree granted the home, furnishings, and the 1972 Chevrolet to the wife. The husband's share of the marital property was the 1974 Chevrolet pickup truck, on which $2600 was owed. These were the only assets of the marriage.

■ At first glance the distribution of marital property may seem onesided. However, a closer examination and consideration of all the factors convinces us that it is just.

The trial judge is faced with a difficult job of dividing the marital assets between husband and wife. Rarely does his resolution satisfy both parties. We should not second guess the trial judge unless there is an abuse of discretion. Taken as a whole, we believe the distribution is fair and equitable and is supported by the record.

The wife's salary is $366.64 per month. The husband earns $960 per month as a truckdriver. He testified at trial that he planned to take an early retirement due to illness and his pension would be $406.00 or $450.00 per month; the testimony is unclear on this fact.

The wife was awarded no maintenance. Her salary will be her only income. She must not only bear sole responsibility for taxes, insurance, and repairs of the home, but must begin to plan for the time when she is no longer able to work. The record does not show her age—we assume she is

about the same age as her husband, who was 55 at the time of the trial. In contrast, the husband's pension will last as long as he lives. Furthermore, the husband and son are now living with the husband's married sister and paying $240 per month for room and board. The husband, his sister, and his son all testified that this arrangement was working out satisfactorily.

We find that there was substantial evidence to support the decree of the trial court, and it did not erroneously declare nor erroneously apply the law. *Murphy v. Carron*, supra.

The judgment is affirmed.

CLEMENS, P. J., and SMITH, J., concur.