In re the MARRIAGE OF Lois H. SHARP, Respondent,

and

Bennie R. Sharp, Appellant.

No. WD 32011.

Missouri Court of Appeals, Western District.

Jan. 12, 1982.

Rehearing Overruled March 2, 1982.

Allen S. Russell and Bernard E. Brown, Kansas City, for appellant.

Mario Mandina, Kansas City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

KENNEDY, Presiding Judge.

Husband appeals from a dissolution decree. He complains of the division of marital property, of the maintenance award to the wife and of the allowance of wife's attorney's fees.

Applying the review criteria of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), we affirm the judgment.

Bennie and Lois Sharp were married in 1956 and separated finally on January 21, 1980. Ben was a painter by trade and since 1974 had been an independent contractor. Lois had furnished valuable assistance in the conduct of the business, performing bookkeeping, clerical and quasi-managerial services. In 1979, the last full year before the separation and dissolution, Bennie had earned an after-tax income of $3,000 per month.

Lois had been a dutiful and faithful wife. She had closely supervised the upbringing of their two daughters—in their 20's at trial time, and emancipated—and their 17-year-old son, Bennie Ray. She was a regular churchgoer and required the attendance of the children.

Ben did not attend church and was unsympathetic to his wife's church orientation. Ben throughout their married life had spent most of his evenings and many of his nights away from home. He was a frequenter of bars, where he described his activities as "drinking, dancing, raising hell". He had also been involved in a succession of extramarital affairs. The most recent of these affairs had precipitated the breakup of the marriage. His undomesticated lifestyle had led to two earlier separations before the final one.

1. *Division of marital property.*

The husband's sharpest attack is against the court's division of the marital estate.

The court made the following allocation of the marital property:

*To wife :*

| | |
|---|---|
| Residence | $ 53,000 |
| Corvette | 5,600 |
| Tractor | 1,500 |
| Household goods | 2,000 |
| Jewelry | 500 |
| Total | $ 62,600 |

*To husband :*

| | |
|---|---|
| Business equipment | 10,450 |
| Stock and IRA | 6,000 |
| 1978 van | 3,500 |
| 1975 van | 2,000 |
| Household goods | 1,000 |
| Taxes | (3,000) |
| Ward's | (1,000) |
| Mastercharge | (1,000) |
| Materials | (3,300) |
| Attorney's fees | (1,250) |
| Total | + $ 13,750 |

The court did not assign values to the various items of property. He was not requested to do so, and neither party complains of the omission. We do not believe that the judgment is so deficient on that score as not to be final, and to require dismissal of the appeal. Cf. *In re Marriage of Wineland*, 609 S.W.2d 464 (Mo.App.1980); *Fields v. Fields*, 584 S.W.2d 163 (Mo.App. 1979) (appeal dismissed because of trial court's failure to divide marital property); and *Glascock v. Glascock*, 607 S.W.2d 834 (Mo.App.1980) (reversed for failure to assign values), 620 S.W.2d 413 (Mo.App.1981). The values (most of which were agreed upon by the parties) are taken from the husband's brief, and represent those values supported by the evidence which result in the narrowest disparity between the parties. It results in 82%–18% division of the marital state between the wife and the husband respectively. Where the court does not make an express finding of facts, the facts are deemed found to support the judgment. Rule 73.01. *Stamme v. Stamme*, 589 S.W.2d 50, 53 (Mo.App.1979); *Halbrook v. Halbrook*, 557 S.W.2d 45, 46 (Mo.App.1977).

It is this disparity at which the husband aims his heaviest volleys. He requests this court to require the sale of the residence and the equal division of the net proceeds. This would increase his share by $26,500 and decrease the wife's share by a similar amount. In support of his position he cites us to *Rising v. Rising*, 608 S.W.2d 510 (Mo. App.1980), where a 25%–75% property division was set aside in favor of an equal division. There the misconduct (of the wife, in that case) consisted of a single episode, occurring after the separation of the parties, and was not so egregious as the husband's here. We do not consider *Rising* to be controlling in the present case.

The trial court in his comments at the close of the evidence announced that he was giving the wife the "lion's share" of the assets—"not only because of conduct, but also because of the fact that she's been married to you for 23 years, has not been in a position to work, it is—now, of the age of her to enter the job market is a little difficult for her... You have the ability today to go out and make a living, support yourself and support your son. She does not have that ability today..." By these comments, the court indicated the considerations which motivated his tipping the scales sharply in the wife's favor. They include two factors expressly mentioned in § 452.-330, RSMo 1978 (amended Ann.Supp. 1981), namely, the unequal economic circumstances of the parties, and the marital misconduct of the husband.

■ Respondent wife points us to cases where property divisions have been approved in the ratios of 90–10, *Halbrook v. Halbrook*, supra; 72–28, *Arp v. Arp*, 572 S.W.2d 232 (Mo.App.1978); 84–16, *Stamme v. Stamme*, supra; 70–30, *Madden v. Madden*, 585 S.W.2d 220 (Mo.App.1979); and 88–12, *In re Marriage of Burris*, 557 S.W.2d 917 (Mo.App.1977). While there are obvious distinctions between those cases and the one now before us, there are two factors present as a constant in each one: In each case the estate to be divided was modest in size, and the family residence was the principal asset of the estate. In each case the residence was awarded to the wife, and she intended to occupy the same. To make a more nearly equal division of the marital property would have involved the sale of the house. That is what the husband wants done in this case, as we have already noted, and the proceeds divided equally between the parties. The sale of a family residence is easy for the court to decree, but it involves for the parties a considerable expense, sale at an inconvenient and perhaps unpropitious time, and the dislocation of the spouse occupying the house. The trial court in the present case could very well have determined that the enforced sale of the residence occupied by the innocent spouse should not be decreed in order to enhance the share of the philandering spouse.[1] We cannot say with confidence that the trial court was wrong in his allocation of the marital estate, and we reject the husband's complaint about that feature of the judgment.

## 2. Maintenance to the wife.

■ The court ordered maintenance to be paid by the husband to the wife in the sum of $1,000 per month for a period of 60 months. The wife had never worked outside the home, and the court took note of her inability to meet her needs independently. She expressed the desire to return to school to study accounting. She had served as bookkeeper in the painting business, and believed that she had an aptitude for that kind of work. The court limited the maintenance payments to five years, during which time she should become able to acquire the training to become self-sufficient. She listed her average monthly expenses as $1,505, a figure which was not disputed by the husband. The comfortable standard of living established during the 23-year marriage is an important consideration in determining her reasonable needs. Owing to the length of the marriage as well as to the fact that she has foregone career development, the monthly maintenance was not unreasonable. Sec. 452.335, RSMo 1978; *Pederson v. Pederson*, 599 S.W.2d 51, 54 (Mo.App.1980); *Butcher v. Butcher*, 544 S.W.2d 249, 254 (Mo.App.1976).

The husband argues that his ability to pay was not properly considered by the court. Although his 1979 after-tax income was $35,500, he argues that the court should have considered a longer earnings history. His average monthly earnings over a five-

1. Where the court desires more equally to allocate the marital estate and where the residence is the principal asset of a modest estate, the court has sometimes awarded the residence to one spouse and has given the other spouse a lien on the same, payable at some future date or upon voluntary sale of the house. *Klinge v. Klinge*, 554 S.W.2d 474 (Mo.App.1977); *Ortmann v. Ortmann*, 547 S.W.2d 226 (Mo.App. 1977).

year span were $1,725. The husband also points to the gloomy prospects for the future. There was evidence, however, that the 1980 earnings of the husband—the year in which the hearing was held—would be approximately equal to his 1979 earnings. The court was not required to consider a longer history of the husband's earnings. The maintenance award may be modified upon a showing of a substantial change in the parties' circumstances. § 452.370, RSMo 1978. Moreover, the cost to the husband of the maintenance payments is decreased by the fact that he will be able to deduct them for income-tax purposes, while the net proceeds to the wife will be reduced by income taxes payable by the wife. I.R.C., § 71(a)(1); see 34 Am.Jur.2d, Federal Taxation, ¶ 7308 (1982).

The award of maintenance is affirmed.

### 3. Attorney's fees.

 The award of attorney's fees is disturbed on appeal only when the trial court has abused its broad discretion in the award of attorney's fees. The trial courts have a unique expertise to determine the reasonableness of attorney's fees. *Kieffer v. Kieffer*, 590 S.W.2d 915, 919 (Mo. banc 1979); *Steffan v. Steffan*, 597 S.W.2d 880, 884 (Mo.App.1980). The attorney for the wife submitted an itemized statement of his services and testified to its contents and to his hourly fee without objection. The award of attorney's fees was within the trial court's discretion and will not be disturbed.

### 4. Conclusion.

The judgment is affirmed.

All concur.

### ON MOTION FOR REHEARING

PER CURIAM:

Appellant's motion for rehearing asserts as its sole ground that "the opinion of this court explicitly based the ruling upholding the maintenance award on the premises that the award is modifiable and the pay-

ments are deductible from appellant's income, while the award is not modifiable and the payments are not deductible." He cites *Laney v. Laney*, 535 S.W.2d 510 (Mo.App. 1976) for the latter proposition.

The observations made in the opinion, with respect to modifiability of the award and deductibility of payments for income tax purposes, may or may not have been essential to the decision. In support thereof, however, see the opinion of our sister court of the Eastern District in *Jacobs v. Jacobs*, No. 44065, handed down February 9, 1982, not yet reported.

The motion for rehearing is overruled.