**Margie L. HARDY, Respondent,**

v.

**Robert Dale HARDY, Appellant.**

**No. 40977.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 30, 1982.

Donald K. Gerard, Clayton, Ronald R. McMillin, Jefferson City, for appellant.

Marion F. Wasinger, Hannibal, for respondent.

REINHARD, Judge.

Husband appeals from a decree of dissolution and complains of the distribution of property under that decree. In his brief, husband contends that: 1) no evidence of marital property values was presented; 2) no values were assigned in the decree to those properties; 3) some marital and separate properties were mislabeled, and; 4) the wife received a disproportionate share of marital property.

At oral argument husband admits that there was evidence of marital property values, and the record supports this. The failure of the court to assign values in the decree does not require reversal since neither party requested specific findings of fact and conclusions of law. *Reynolds v. Reynolds*, 610 S.W.2d 311 (Mo.App.1980); *Waitsman v. Waitsman*, 599 S.W.2d 42 (Mo. App.1980).

Both parties had been married previously. This marriage lasted only four years, and no children resulted from the union. The record in this case consists of 681 pages of testimony and over 80 exhibits. Most of the evidence involved attempts either to trace the origin of property, or to demonstrate the conduct of the parties during the marriage. There is nothing in the record to indicate that the court did not follow § 452.330 RSMo. 1978 in its determination of the separate and marital property,

and its distribution of marital property. There is substantial evidence in the record to support the determination that some property belonged to children of the wife.

We find that the decree is supported by substantial evidence and is not against the weight of the evidence. We find no erroneous declaration or application of the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). An extended opinion would have no precedential value. The judgment of the trial court is affirmed in accordance with Rule 84.16(b).

Affirmed.

DOWD, P. J., and CRIST, J., concur.