Jackie Carroll MAIZE,
Plaintiff-Appellant,

v.

Gary Lee MAIZE, Defendant-Respondent.

No. 45375.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 24, 1983.

Branson L. Wood, III, Hannibal, for plaintiff-appellant.

Myrl Sternke, Palmyra, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This appeal comes before us from a dissolution contest where the appellant claims the trial court erred in awarding the respondent a one-half interest in real property as his separate property.

The parties were married in October, 1968 and separated in October, 1980. They had one child, born in 1971. After the husband's graduation from the University of Missouri in 1970 until the time of their separation, the parties lived on a 149 acre farm near Palmyra, Missouri. The husband farmed this property in a "partnership" arrangement with his parents. The parents held title to the property as tenants by the entirety. They had acquired the property in January, 1967, prior to the respondent entering military service on February 27, 1967. In 1976, respondent's mother,[1] who was a school teacher for 34 years, conveyed the property to the parties as tenants by the entirety. No consideration was given for the property. The parties do not dispute that *legal* title to the property was acquired by them after the date of the marriage.

The respondent, however, introduced parol evidence to show that he had acquired a one-half *equitable* interest in the property *before* the marriage. He testified that he and his parents had purchased the property together in 1967. He testified that they made a $2,000 cash down payment and later paid another $18,000 cash. The $18,000 was borrowed from respondent's paternal grandparents, who received a promissory note in return. Respondent did not sign the note; only his parents signed it. However, the respondent asserted that "the partnership" made interest payments on the note,[2] for which he shared responsibility. The respondent's testimony was unclear as to what amount he contributed to either the down payment or the interest payments on the note. He did maintain that the partnership with his parents was a "50/50" arrangement.

The respondent's mother testified that her son had participated in the purchase of the 149 acre farm and that he had a half-interest in the farm. She stated that she and her husband and her son had purchased the farm so that her son could "come home and have a farming career."

Florence Seigler, who had sold the 149 acre tract in 1967, testified that the respondent had participated in the negotiations preceding the sale. She did not know whether respondent's name was on the deed or whether he had any ownership interest in the property because her lawyer negotiated the transaction.

The appellant acknowledged that her husband, 2 years after their marriage, had related to her that he had an interest in the farm. She was aware of a partnership arrangement between respondent and his par-

---

1. Respondent's father died in 1974.

2. This note was received into evidence at the trial but was not incorporated into the record on appeal. We do not know its precise terms. The testimony indicates, however, that only interest payments were made on the note. The principal was never paid.

ents. She asserted, however, that she did not know "what was Gary's and was his parents' and what was the partnerships'."

The trial court valued the farm at $135,000 and found that one-half interest had been acquired by the respondent before the marriage. The trial court set off respondent's portion of that interest to him as his separate property. The court found that the other half interest of the farm had been acquired during the marriage as a gift to both parties. It awarded the husband and wife each a half-interest in the separate property portion of the farm (i.e., one-quarter of the 149 acres). On appeal, the wife contends that the entire interest in the farm should have been treated as marital property.

In support of this contention, she argues that the trial court erred in admitting parol evidence contradictory to the terms of the deed. We agree.

In regard to the transfer of title from respondent's mother to him and appellant in 1976, there is no dispute by either party that the title was transferred to respondent and appellant as a gift. In addition, the mother testified that she "should have done it (transferred) sooner but I did it at that particular time because the gift tax laws were changing in 1977." Therefore, we must look to the 1967 transaction to determine if respondent received a one-half interest in the 149 acres as he contends and as the trial court held.

The respondent has not, in his pleadings or at any stage of litigation, suggested or alleged fraud, mistake, duress, mental incapacity or unjust enrichment.[3]

Appellant throughout the trial vigorously objected to all testimony regarding the real estate transaction of 1967 as hearsay and was generally overruled by the trial court.

We need not decide on whether this was or was not a proper objection as the appellant contends for the reasons hereinafter stated.

In *Hardin v. Ray,* 404 S.W.2d 764, 767 (Mo.App.1966) the court said:

Plaintiffs' action is grounded on the so-called parol evidence rule, by the application of which our courts uniformly have held that, in the absence of fraud, duress, mistake or mental incapacity, an integrated unambiguous written contract may not be varied, altered or contradicted by parol or extrinsic evidence, and all prior or contemporaneous agreements are conclusively presumed to have been merged into the written contract, which "itself becomes and is the single and final memorial of the understanding and intention of the parties." (citing cases). The parol evidence rule, "founded upon the experience of mankind in dealing with the 'slippery memory' of men (citing cases), is not merely a rule of evidence but is one of positive substantive law predicated upon the substantive rights of the parties, and, where the rule is applicable, parol evidence should be ignored, even though received without objection." (citing cases).

Here the deed of 1967 showed Henry and Margaret Maize as grantees of the 149 acres and in the deed of 1976 the grantor was Margaret Maize and the grantees were Jackie Maize and Gary Lee Maize. There were no other conditions, understandings or intentions in the body of the deed and we are conclusively bound by those written memorials.

Having ruled favorably to appellant's first claim of error we need not address her second or third claim. However, we do address the last claim in which the appellant alleges that the trial court unjustly

---

**3.** The absence of such claims is dispositive of appellant's argument that the property was held in a "constructive trust." A constructive trust is an equitable remedy imposed by courts as a remedy for fraud, mistake, duress or unjust enrichment. *Swon v. Huddleston,* 282 S.W.2d 18, 25–26 (Mo.1955); V Scott on Trusts § 462.2 at p. 3417. It follows that appellant would not establish a constructive trust in the absence of any pleading or proof concerning at least one of these elements.

distributed the other marital property. We disagree.

■ Division of property in a dissolution of marriage is a matter within the sound discretion of the trial court and its division should not be overturned unless abused. *In Re Marriage of Reagan,* 589 S.W.2d 118, 120 (Mo.App.1979). A just division of marital property does not have to be equal and this is particularly true when one party has engaged in misconduct. *Arp v. Arp,* 572 S.W.2d 232, 235 (Mo.App.1978). We find the trial court did not abuse its discretion in the division of the other marital property.

The trial court is ordered to modify its decree in conformance with this opinion.

KELLY and SNYDER, JJ., concur.