**Jackie Carrol MAIZE, Appellant,**

v.

**Gary Lee MAIZE, Respondent.**

**No. 47852.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

July 10, 1984.

Branson L. Wood, Hannibal, for appellant.

Myrl B. Sternke, Palmyra, for respondent.

CRIST, Judge.

Wife appeals for the second time from the decree dissolving the parties' marriage. On the first appeal, this court affirmed in part and reversed and remanded in part. *Maize v. Maize*, 652 S.W.2d 751 (Mo.App. 1983). The trial court, on September 26, 1983, entered a new decree, which is appealed on the ground the trial court failed to follow the mandate of this court from the first appeal. We affirm.

On October 27, 1982, the trial court decreed an undivided one-half interest in a farm owned by the parties to be husband's separate property. The remaining undivided one-half interest in the farm was decreed to be marital property, and left to the parties as tenants-in-common. No mention was made of a debt of $56,051.00 to the Federal Land Bank which was secured by the farm. Wife moved for a new trial, asserting as one ground it was unfair to hold her liable for the entire debt if one-half of the farm was husband's separate property. The trial court amended the decree to order husband to pay one-half of the debt and hold wife harmless from the debt, and expressly and specifically refusing to rule on the balance of the debt to the Federal Land Bank.

On the first appeal, this court reversed the decision of the trial court as to the vesting of the real estate, finding the entire interest in the farm to be marital property. The decree was in all other respects affirmed. The cause was remanded with the instruction "the trial court is ordered to modify its decree in conformance with this opinion."

The trial court, on remand, decreed the entire interest in the real estate to be marital property, set it apart to the parties as tenants-in-common, and deleted the provisions regarding payment of the Federal Land Bank indebtedness. Wife appeals, claiming the trial court did not have jurisdiction to delete that part of the decree.

When a case is remanded with directions, the trial court can only proceed in accordance with those directions. *City of St. Charles v. Schroeder*, 510 S.W.2d 202, 203 (Mo.App.1974). This case was remanded with directions to modify the decree to conform to the views expressed in the opinion. *Maize*, 652 S.W.2d at 754. The trial court had discretion to exercise on the mechanics of the modification. *Curtis v. Fruin-Colnon Contracting Co.*, 270 S.W.2d 537, 540 (Mo.App.1954).

We ordered that the real estate be considered marital, not separate, property. *Maize*, 652 S.W.2d at 753. This implicitly ordered redistribution of the farm as marital property. *See* 452.330(1), RSMo Supp. 1983. The trial court was, in essence, ordered to reconsider its orders which were based on a finding we found to be incorrect. The trial court did exactly that. The order requiring husband to pay one-half the Federal Land Bank debt, and hold wife harmless therefrom, made because it was unfair to wife to be responsible for the whole debt when it was secured by land which was one-half husband's separate

property, became unnecessary. The trial court properly omitted this language when it modified its decree.

Judgment affirmed.

DOWD, C.J., and REINHARD, J., concur.