In re Interest of George A. MANOR, Appellant,

v.

Janet D. MANOR, Respondent.

No. 46234.

Missouri Court of Appeals, Eastern District, Division Five.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied Jan. 15, 1985.

Lamar E. Ottsen, Jr., Moline, Tegethoff, Ottsen, Mauze & Leggat, Clayton, for appellant.

Ray A. Gerritzen, Gerritzen & Gerritzen, St. Louis, for respondent.

GARY M. GAERTNER, Special Judge.

This is an appeal from a dissolution of marriage, wherein the primary contested issues concern the proper distribution of the marital estate. George A. Manor and Janet D. Manor were married on June 25, 1960. They lived together as man and wife until September 9, 1978, when Janet moved out of the Manor residence. She petitioned for divorce on September 22, 1978. The decree of dissolution was granted on July 29, 1982.

Throughout the marriage appellant and respondent acquired real and personal property, the majority of which has been harmoniously distributed. However, the evaluation, ownership and disposition of certain items has been fiercely contested. Regarding these particulars, appellant raises eight points on appeal.

I. The trial court did not err in concluding that the appellant was the sole proprietor of Manor Chemical Company, Inc. and Manor Products Corporation, because there was substantial evidence to support this conclusion. There was substantial conflicting evidence regarding the stock distribution, and the actual operation of the two corporations. The trial Judge is in the best position to weigh the credibility of the witnesses. *In Re the Marriage of Strelow*, 581 S.W.2d 426 (Mo.App.1979). This first point is ruled against the appellant.

II. Appellant's second, third, fifth and sixth points contest the evaluation and distribution of various alleged corporate assets and previously sold property, and the overall breakdown and disposition of the marital property. Once again there is sufficient evidence to support the trial court's Findings and Conclusions regarding these matters.

These points are ruled against the appellant.

III. Appellant's seventh and eighth points contest the awarding of maintenance and attorney's fees (and accountant's fees) respectively.

Janet D. Manor's actual income is extremely modest, and there was substantial evidence supporting the trial court's award of maintenance. Likewise, § 452.355 RSMo 1978 provides for the awarding of attorney's fees "after considering all relevant factors including financial resources of both parties." Again, there was sufficient evidence supporting the award of attorney's and accountant's fees.

These two points are ruled against the appellant.

IV. In his fourth point, appellant attacks the trial court's order against him to pay respondent $129,000.00. This point has merit.

The trial court found there was no separate property to be awarded. As to the marital property, the court found the parties' "conduct throughout ... the marriage was such that it does not merit an inordinate focus in the distribution of the marital property." According to the court's evaluation and calculation, the values of the marital property it distributed to appellant and respondent were $354,285.00 and $336,615.00 respectively, an approximate 51% to 49% division. $29,000.00 of the respondent's share was an award of a "cash payment by [appellant to respondent as] balance of her share of marital property." However, the court did not deduct this $129,000.00 from appellant's share of the marital property.

This failure, appellant argues, caused the court to overvalue both the marital estate and appellant's share of that estate. Although the decree purports to award him $354,285.00, the true value of his share, appellant reasons, is only $225,285.00 ($354,285.00—$129,000.00), because he must pay the cash sum out of his share. This is an unacceptable disproportionate distribution, appellant contends, because it is contrary to the court's explicit finding that the conduct of the parties did not justify a disproportionate distribution of marital property.

■ Appellant's attack requires us to determine first whether there was evidence of assets to support this specific award of $129,000.00. If there were, appellant's assertion that the marital estate was overvalued would, of course, be wrong. After a careful review of the evidence and exhibits, however, we find no substantial evidence to support a finding of such assets. Further, we find respondent's attempts to explain the source of this $129,000.00 award unconvincing. The trial court therefore erred in including this item in respondent's share of the marital property without a corresponding reduction of appellant's share.

■ We consider then the effect of this error. The trial court's finding that the conduct of the parties does not justify a disproportionate distribution of marital property does not require the court to decree an equal division of marital property. *Oldfield v. Oldfield*, 666 S.W.2d 17, 18 (Mo.App.1984); *Walker v. Walker*, 631 S.W.2d 68, 71 (Mo.App.1982). Rather, the requirement is for a *just* division, *Arp v. Arp*, 572 S.W.2d 232, 235 (Mo.App.1978), and what is just must be determined on a case by case basis. *In re Marriage of Cornell*, 550 S.W.2d 823, 827 (Mo.App. 1977). Unequal division have been affirmed as just divisions. *E.g., Oldfield v. Oldfield, supra* at 18, 19 (68%—32% split); *But see, In re Marriage of Cornell*, 550 S.W.2d 823, 827 (Mo.App.1977).

■ As noted, however, based upon the trial court's evaluation and calculations, the awards to appellant and respondent constituted a 51% to 49% division of the marital property. If the $129,000.00 award were deducted from the appellant's award, the division would be a 40% award to appellant and a 60% award to the respondent. Arguably, this division could be justified by the fact that appellant's share of the marital property includes three going businesses, and, therefore, his income would be substantially higher than respondent's.

Were it clear from the record what result the trial court intended to reach, we could simply affirm or modify the decree to effectuate the court's intent. *Lynch v. Lynch*, 665 S.W.2d 20, 24 (Mo.App.1983). Here, however, the court's intention is unclear and, thus, what adjustment, if any, is necessary to the cash payment is likewise unclear. We therefore vacate that portion of the decree ordering appellant to pay respondent $129,000.00 and remand it to the trial court for further proceedings not inconsistent with this opinion. In all other respects, the decree is affirmed.

Four of respondent's motions were submitted with the case. They are: (1) "Motion to Strike Appellant's Oral Argument, Exhibits and the Court of Appeals Statement of Appellant's Attorney ... which are Not a Part of the Record or are Contrary to the Record," (2) "Motion to Dismiss Appeal as Moot," (3) "Motion to Dismiss Ap-

pellant's Appeal," and (4) "Motion to Submit Additional Newly Discovered ... Evidence." They are denied.

Therefore, this latter matter is returned to the trial court for further consideration and specific findings as to the proper balance payment to be decreed.

DOWD, P.J., and SATZ, J., concur.