**In re the Marriage of Sanford KORNBERG, Petitioner-Respondent,**

v.

**Elinor KORNBERG,
Respondent-Appellant.**

**No. 48083.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 29, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Frank Susman, Susman, Schermer, Rimmel & Parker, St. Louis, for respondent-appellant.

Michael D. Walther, Todt & Walther, Clayton, for petitioner-respondent.

DOWD, Presiding Judge.

Appellant-wife in an appeal from a decree of dissolution cites as trial error: (1) failure to award her maintenance, attorney fees and costs; (2) the award of $16,000 in government bonds to her was error because there was no evidence that the bonds existed; (3) the division of the marital property was against the weight of evidence; (4) the associate circuit judge had no jurisdiction to hear the case.

Review of this court-tried case is conducted under Rule 73.01 and the decree will be sustained unless the record reveals no substantial evidence to support it, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Due regard will be given to the trial court's ability to judge the credibility of the witness. Where there is a conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part or none of the testimony. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo. App.1983). In a court tried case the judgment is presumed to be correct. *Pruden-*

*tial Property and Cas. Ins. Co., Inc. v. Cole,* 586 S.W.2d 433, 434 (Mo.App.1979).

■ Initially, appellant questions the jurisdiction of the associate circuit judge to hear this contested dissolution case. The respondent originally filed his action in the Circuit Court of St. Louis County. The presiding judge transferred the case to the associate division of the circuit court. Under the guidance provided by our Supreme Court in *City of Kansas City v. Rule,* 673 S.W.2d 21, 23 (Mo. banc 1984), we find the associate circuit judge had jurisdiction.

■ As to the remaining issues, the manner of dividing marital property and whether to allow maintenance, cost or attorney's fees all lie within the wide discretion of the trial court. *Hebron v. Hebron,* 566 S.W.2d 829 (Mo.App.1978). Under the Dissolution of Marriage Act, the division of marital property need not be precisely equal, but must nevertheless be just. *Meyerpeter v. Meyerpeter,* 664 S.W.2d 11 (Mo. App.1983). As for maintenance under the Act, § 452.335 RSMo 1978 requires an award by the trial court only after it determines that one spouse lacks sufficient property or is unable to support [herself] sufficiently to meet [her] reasonable needs. *Raines v. Raines,* 583 S.W.2d 564, 567 (Mo. App.1979). Lastly, the trial court must consider the financial resources of the parties, when allocating cost and attorney's fees. *Kieffer v. Kieffer,* 590 S.W.2d 915, 919 (Mo. banc 1979). Being cognizant of these legal principles and the narrow scope of our review, we examine the record before us.

■ From a thorough review of the record, we find substantial evidence to support the trial court's decree; it is not against the weight of the evidence; it does not erroneously declare or apply the law. The court based its decree on a finding that appellant's separate, non-marital property was quite substantial. Appellant is a beneficiary of her mother's estate valued at over $1,000,000 and has admitted in her brief that she received $80,000 from her father's trust fund.

Considering appellant's substantial separate non-marital property and her 57% ($90,000) share of the marital property, we find no abuse of discretion by the court. An extended opinion would have no precedential value. Rule 84.16(b).

The judgment of the trial court is affirmed.

CRIST and CRANDALL, Jr., JJ., concur.