**Janet D. MANOR, Petitioner-Respondent,**

v.

**George A. MANOR, Respondent-Appellant.**

No. 49798.

Missouri Court of Appeals, Eastern District, Division One.

March 18, 1986.

**604**

Lamar E. Ottsen, Clayton, for respondent-appellant.

Ray A. Gerritzen, St. Louis, for petitioner-respondent.

SMITH, Judge.

Husband appeals from an order of the trial court requiring him to pay his former wife $129,000 to complete the distribution of marital property in a dissolution proceeding. We affirm.

The present controversy is an aftermath of our previous appellate decision in this case. *Manor v. Manor*, 682 S.W.2d 93 (Mo.App.1984). There the trial court had determined the values of the marital property it distributed to husband and wife to be 51% and 49% respectively. Included in the award to wife was a $129,000 cash award. This amount was added to the marital property given to the wife to reach her 49%. It was not subtracted from the husband's 51% share, however, and it had no actual separate existence as a marital asset. The effect of its inclusion as an award to the wife was to overvalue the marital estate by $129,000 and concomitantly to make the percentage awards which the trial court said it was making inaccurate. The trial court found that the conduct of the parties did not justify a disproportionate distribution of marital property. If the cash award to the wife was allowed to stand then the distribution effected would be 40% to the husband and 60% to the wife. We acknowledged in *Manor* that such an award could "arguably" be justified by the fact that husband's share included going businesses and therefore his income would be substantially greater than wife's.

In this posture we were unable to determine whether it was the court's intention to evenly balance the distribution or to unbalance the distribution to provide the wife with a cash asset in lieu of income producing property. Either discretionary result would have been supported by the record. Because of our inability to determine the court's intent, we vacated "that portion of the decree ordering appellant to pay respondent $129,000 and remand[ed] it to the trial court for further proceedings not inconsistent with this opinion." In all other respects the decree was affirmed. Our

mandate tracked the language of the opinion.

Upon remand the trial court entered an order finding "that after further considering all of the factors contained in Section 452.330 RSMo 1981, and in particular the economic circumstances of each spouse finds that a fair and equitable division of all marital property requires a payment of One Hundred Twenty-Nine Thousand Dollars ($129,000.00) by the appellant to the respondent."

Husband challenges the trial court's order on two bases. The first is that the trial court lacked jurisdiction to modify the marital property distribution which had been fully affirmed on appeal. Secondly, he contends that the trial court could not order a cash award in the absence of a finding that the marital property could not be divided because it is impractical or would not bring about a fair and equitable result.

■ The first point too narrowly construes our prior opinion. We affirmed the judgment as it pertained to all matters except the distribution of marital property, which we found erroneous. Our mandate granted the trial court authority and jurisdiction for such further action as directed by the mandate. The opinion, which is part of the mandate, "serves in an interpretative function." *Durwood v. Dubinsky*, 361 S.W.2d 779 (Mo.1962) [1, 2]. Any action taken by the trial court must be in accord with that mandate and necessary to execute the judgment of this court. *City of St. Charles v. Schroeder*, 510 S.W.2d 202 (Mo.App.1974) [1, 2]. The trial court, however, has discretion on the mechanics of modification directed by the mandate. *Maize v. Maize*, 673 S.W.2d 840 (Mo.App. 1984) [1]. The final paragraph of our *Manor* opinion stated that the matter "is returned to the trial court for further consideration and specific findings as to the proper balance payment to be decreed." The order of the trial court after remand made that finding and the court was fully within its jurisdiction in doing so.

■ As to husband's second point, *Calia v. Calia*, 624 S.W.2d 870 (Mo.App.1981) [7, 8] is dispositive. A court may order cash payments to effect a just division of marital property. This device may be employed when it is impossible or imprudent to divide property in kind and is permissible without linking the cash transfer to any particular asset. The cash transfer is particularly useful when the marital property does not lend itself to equitable division of income-producing assets. *Id.* The record here fully supports such a distribution and the absence of a specific finding by the trial court to justify such award is not fatal.

Wife's motion for damages for frivolous appeal is denied.

Judgment affirmed.

CARL R. GAERTNER, P.J., and SNYDER, J., concur.