**Jean Lorraine BALVEN,
Respondent-Cross
Appellant,**

v.

**Russell Arthur BALVEN,
Appellant-Respondent.**

**Nos. 52183, 52235.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 7, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 6, 1987.

Application to Transfer Denied
Sept. 15, 1987.

Ellen F. Watkins, Clayton, for Russell Balven.

Isidore Ireland Lamke, Washington, for Jean Blaven.

KAROHL, Judge.

Both parties appeal from decree of dissolution granted on wife's petition. Husband appeals the designation and division of marital property; award of maintenance; failure to designate and consider a bank account as marital property; failure to provide that maintenance terminates on death of wife; failure to require wife to join on a joint income tax return for pending year; and, award of partial attorney's fees to wife. Wife appeals insufficiency of the award of maintenance and attorney's fees.

The parties were married on September 26, 1953. They raised two children who are grown and independent adults. Wife was a clerk-typist before marriage and a full-time homemaker until 1977. She then resumed employment outside of the home. She was employed full-time until 1980 when she reduced her hours to twenty-four hours per week. Her employer offered full-time work. However, she claimed reduced capacity because of an arthritis condition. Her earnings at the time of trial were $511 per month and fringe benefits including medical insurance, disability coverage, life insurance and an unvested retirement. She was fifty-one years old at the time of trial. She testified over objection that she suffers from bronchitis, pulmonary fibrosis and arthritis. Her doctors have not suggested that she quit work.

Husband was fifty-three years old at the time of trial. His career employment was as a phone installer and repairman for AT & T. He retired on October 31, 1985. He retired early because his work group was declared surplus after reorganization of AT & T. His employer offered a Supplemental Income Protection Plan (SIPP) to encourage early retirement for surplus employees. His gross retirement income at the time of trial was $1,353 per month which included $400 per month SIPP benefits. His after tax income was $1,085.95 per month. The duration of the SIPP benefits is four years. At the end of that period husband's income will be reduced by $400 per month.

Parties stipulated the introduction of financial statements, subject to cross-examination. Wife's monthly expenses of $1,217.60 per month did not include a monthly charge for housing, but did include $300 per month for food and $300 per month for recreation. She stated these were estimates of what she expects to spend and includes funds for entertaining and vacationing. Husband's monthly expenses were $1,047 per month which included $340 for rent, $280 for food and $40 per month for recreation.

The parties owned, free and clear of any debt, a family home located on twenty acres in Franklin County, Missouri. This property was valued between $90,000 and $120,000 by the parties and $100,000 by the trial court. Both parties had separate bank accounts with balances of approximately $7,000 each, IRA's worth $4,000 each. Husband held corporate stock worth $7,100; wife held stock worth $300.

On August 23, 1985, after the parties separated, wife transferred $3,000 to her

mother who then used the money to open a joint account with wife. Husband claimed this account to be marital property. Wife testified that the transfer was the repayment of loaned money and that the account belonged to her mother.

There was a dispute about an unfiled 1985 income tax return. Husband testified that a joint return would create a refund of several hundred dollars, but a separate return would increase his taxes, state and federal, by approximately $1,900.

The date of separation is relevant to wife's claim of husband's misconduct. She claims the parties separated in May, 1985. He claims a separation in July, 1984. Both agreed that wife moved from the master bedroom in July, 1984. Husband admitted he began dating a neighbor in February or March, 1985. Wife claims the affair caused the break-down of the marriage. Husband claims the break-down of the marriage and separate living arrangements occurred eight months before the affair.

The trial court entered a decree of dissolution on May 27, 1986. No comprehensive findings of fact were requested or made. The court set off separate property to the wife, awarded her the family home and acreage, an automobile, items of furniture, her corporate stock, IRA's and bank accounts. He also granted wife $62.50 per week maintenance and $2,000 attorney's fees on a request for $3,986.25.

The court awarded husband all items of household goods and personalty not specifically awarded wife, specified items of furniture, a 1983 pickup truck, tractor and accessories, corporate stock having a value of $7,188, bank accounts and two IRA's.

The court determined that husband's decision to retire was "unilateral" and that the SIPP "bonus" which lasts four years should be treated as an asset rather than income. The court then awarded the bonus to husband because wife received the real estate.

We first dispose of a matter that is not in dispute. During oral argument wife agreed that the decree may be amended so as to provide that maintenance terminate on death of wife. The importance of this addition may be found in the Tax Reform Act of 1984, 26 U.S.C.A. Section 71(b)(1)(D) relating to decrees entered after December 31, 1984.

The major problem confronting the court in the present case was the division of marital property. This problem was present because the principal asset of the marriage was the family home and land which the court found to have a value of $100,000. If the court properly considered the SIPP bonus as property then the division resulted in an award to wife of approximately 80% of the marital property. We need not decide that issue. It was not directly raised by the parties.

■■■ The division of marital property, according to the requirements of Section 452.330.1 RSMo 1986, is within the sound discretion of the trial court. *Colabianchi v. Colabianchi*, 646 S.W.2d 61, 64 (Mo. banc 1983). Appellate courts must defer to the trial court's judgment unless the judgment is improper under *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976) or an abuse of discretion is shown. That section does not require specific findings of fact as to the value of items of marital property awarded in a dissolution decree. *Dardick v. Dardick*, 670 S.W.2d 865, 868 (Mo. banc 1984). Further, failure to assign values to marital property does not require reversal when neither party requests specific findings of fact and conclusions of law. *Hardy v. Hardy*, 632 S.W.2d 79 (Mo. App.1982). We have examined the record and conclude that there was sufficient evidence upon which the trial court could determine the value of the property distributed in the decree.

■■■ We do not find the award of the family home to wife to be an abuse of discretion under Section 452.330.1 RSMo 1986 on the basis that the designation of the SIPP bonus was a balancing asset. There was no dispute that husband was entitled to $400 a month for forty-eight months. Even if not marital property the court was entitled to consider the aggregate value as either marital property or future income when awarding it to hus-

band. When measuring discretion or abuse of discretion it is the award and not the form of the award which may be considered. However, once the court determined that the $400 was to be treated as an asset the court was committed not to consider it as a basis for determining the award of maintenance, if any. Neither husband nor wife were entitled to a double benefit. This disposes of husband's claims the 80% to wife—20% to husband marital property award was a misapplication of Section 452.330.1 RSMo 1986.

■ What remains under husband's argument is the general claim that the award was unjust because it was neither fair nor equitable. *Dardick v. Dardick,* 670 S.W.2d at 869 (Mo. banc 1984); *Manor v. Manor,* 682 S.W.2d 93, 95 (Mo.App.1984). Wife responds that husband's misconduct justified, at least in part, the result. Husband's answer is marital misconduct took place after the separation of the parties and "should not serve as a basis for ordering excessive maintenance against, or inadequate marital property to, the offending spouse." *Burtscher v. Burtscher,* 563 S.W.2d 526, 527 (Mo.App.1978). The statute does not warrant special focus on a particular incident of misconduct or even a series of incidents in a marriage of long duration. *Marriage of Schulte,* 546 S.W.2d 41, 48 (Mo.App.1977). Marital misconduct is a factor only when the offending spouse's misconduct placed extra burdens on the other spouse. *Burtscher,* 563 S.W.2d at 527–528. *See also, Rising v. Rising,* 608 W.S.2d 510, 511–512 (Mo.App. 1980). There is nothing in the present record indicating that husband's relationship at the end of the marriage imposed additional burdens on wife. Under these circumstances husband's admitted misconduct is an insufficient basis for the unequal award.

■ The award of the principal asset of the marriage is not justified by the evidence. It constitutes an abuse of discretion. *In re Marriage of Cornell,* 550 S.W.2d 823, 827 (Mo.App.1977). The parties were married for thirty-three years. Both admitted prior separations, during each of which husband became involved with another woman. Although wife contends the second affair precipitated the divorce, she admits the physical separation of the parties within the home eight months prior to husband's liaison.

■ The determination and division of all of the assets of separate and marital property, apart from the home with land and the SIPP bonus, is supported by the evidence. These provisions maintained a, more or less, status quo award of property already in possession. The court determined the value of the home and land to be $100,000. The SIPP bonus had an available value of $18,400 [48 x $400] on the date husband retired. If these two assets are considered together there was an available value of approximately $120,000 for distribution. There is no requirement under Section 452.330.1 RSMo 1986 that the division be equal, *Golleher v. Golleher,* 697 S.W.2d 547, 550–551 (Mo.App.1985), but it must be just. *Kornberg v. Kornberg,* 688 S.W.2d 377, 379 (Mo.App.1985). The parties contributed equally to acquiring the house; there was no real offsetting asset. On the present record it was unjust to entirely deprive husband of all interest in the real property. The limited income of the parties also indicates some reason to provide wife with a home. This can be accomplished by an award of the home and land to wife subject to an interest for husband to be satisfied either on the death of wife or at the time she determines to sell the real estate or any part of it. We remand for the trial court to determine the nature and extent of the interest to which husband is entitled on death of wife or at the time of sale by her choice. We hold that husband was entitled to some interest in the real estate as the principal item of marital property, the extent of which is to be determined by the trial court.

■ Husband contests the award of maintenance under Section 452.335.2 RSMo 1986. We find the evidence supports the award. There is evidence that wife lacks sufficient property including marital property apportioned to her to provide for her reasonable needs and that she is unable to

support herself through appropriate employment as of the time the case was heard. The court was entitled to find from the evidence that wife's ability to support herself was limited by medical conditions. While it is true that courts temper maintenance awards by encouraging self-sufficiency, *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 67 (Mo.App.1984), we find no error in the court's award of $62.50 per week for maintenance. Further, a spouse is not required to dispose of assets or consume marital property before being entitled to maintenance. *Fausett v. Fausett*, 661 S.W.2d 614, 617 (Mo.App.1983).

We also reject husband's claim that the court determined the award of maintenance on the basis of husband's income including the SIPP bonus. Husband argues that his gross retirement pay including the bonus totaled $1,353 and his net retirement pay including the bonus totaled $953 per month, before taxes. However, under Section 452.335.2(6) RSMo 1986 the court is entitled to consider present earnings as well as prior and anticipated earning capacity. *Roark v. Roark*, 694 S.W.2d 912, 914 (Mo.App.1985).

Husband was fifty-three years of age at the time of trial, skilled, healthy and able to work. His early retirement was the product of employer convenience and his choice. There was evidence to support a finding by the court that husband can and will find employment. The award of maintenance in the amount of $62.50 per week was supported by the evidence. Point denied.

Wife's cross appeal asserts that the award of maintenance was inadequate because her earnings, $512 per month, plus the maintenance of $271 per month falls short of her monthly expenses of $1,217 per month. To determine the amount of maintenance a court reviews the circumstances of the parties and makes a provision for an amount which may "justly" be required for maintaining a former spouse. *Steinmeyer*, 669 S.W.2d at 68. Here husband's current retirement income does not meet his own estimated expenses, so a greater amount of maintenance, at the time of trial, was not indicated. Also, some of wife's monthly expenses were estimated and included an extravagant sum per month for recreation. If the SIPP bonus is discounted from husband's monthly income and used as an off-setting asset of marital property then wife's earned income and maintenance will approximately equal husband's income. The trial court was also entitled to consider the use of the family home available to wife free of monthly payments. Wife's claim that the maintenance award was insufficient is denied.

■■■ Husband's next point on appeal is that the trial court erred in failing to designate $3,000 transferred from wife to her mother as marital property. Wife testified the transfer was the repayment of small sums of money loaned to her over a period of time totaling $3,000. We assume the trial court believed wife's testimony and found the $3,000 a nonmarital asset because it was "spent" and the property of wife's mother. Matters of fact are resolved consistent with the decree. *Dardick*, 670 S.W.2d at 868. Point denied.

■■■ Husband next claims that the court erred in not compelling wife to join husband on a joint income tax return for 1985. We find the matter to be one within the discretion of the trial court. On husband's evidence a joint return would have created an additional marital asset in the form of a refund in the amount of several hundred dollars and a savings of approximately $1,900 in additional tax liability for a separate return. There is no indication in the decree that the court considered this evidence or the request in issuing the decree of dissolution. If the court believed husband's testimony, it was authorized to have applied relevant findings either in the determination of attorney's fees or in the division of marital property, or both. Although we find no error in the decree we also find no ruling on this issue nor any determination that it was considered. On remand the court may consider this issue and the evidence in redetermining husband's interest in the family home or in respect of the award of attorney's fees next decided.

■■■ Husband's final point challenges the award of $2,000 for wife's attor-

ney's fees of nearly $4,000. Wife's cross claim alleges the award is insufficient to pay her attorney's fees and is therefore erroneous. The trial court has broad discretion in awarding or denying attorney's fees. *In re Marriage of Dusing*, 654 S.W.2d 938, 947 (Mo.App.1983). The decision must be based upon a consideration of all relevant factors, including financial resources. *Kieffer v. Kieffer*, 590 S.W.2d 915, 918 (Mo. banc 1979). It is possible that the trial court considered the joint income tax return issue in determining the extent of attorney's fees. Husband's evidence on that issue suggested a loss of approximately $2,000 which is equal to the difference between the fees claimed and the fees awarded to wife. On that basis alone wife's claim for insufficiency could be rejected. In view of the parties' limited, but approximately, equal liquid assets we find no abuse of discretion in the award of an amount equal to half of wife's attorney's fees.

The decree of dissolution is affirmed in all respects except, on remand, the trial court shall modify the decree so as to provide that the award of maintenance will terminate on death of wife; and, redetermine the division of marital property so as to provide husband with an equitable and just interest in the house and land. The costs of this appeal are to be taxed one half to each party.

PUDLOWSKI, P.J., concurs.

CRANDALL, J., dissents in separate opinion.

CRANDALL, Judge, dissenting.

I dissent. Based on the record, I find the distribution of marital property to be not unfair or inequitable. Finding no abuse of the broad discretion accorded the trial court, I would affirm the decree subject to the change that wife's maintenance terminate on her death. *Compare Halbrook v. Halbrook*, 557 S.W.2d 45 (Mo.App.1977).