Dennis KLENKE, Plaintiff–Appellant,

v.

Judy L. KLENKE,
Defendant–Respondent.

No. 52505.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 29, 1987.

Kyler L. Humphrey, Clayton, for plaintiff-appellant.

Gael Davis Wood, Washington, for defendant-respondent.

KAROHL, Presiding Judge.

Husband appeals from decree dissolving the parties' marriage. He claims error occurred in the failure to designate a retirement/pension fund as marital property, in the division of property and the awards of maintenance and attorney's fees to wife. We affirm the judgment as here modified.

The parties, Dennis Klenke (husband) and Judy Klenke (wife), were married on September 4, 1965. Three children were born of the marriage: Jill, born June 26, 1966; Kelly, born July 17, 1968; and, Jeffrey, born February 24, 1970. The parties separated on August 12, 1985 and husband petitioned for dissolution of the marriage. On July 8, 1986 the trial court entered a decree dissolving the marriage, citing hus-

band's misconduct as the reason therefor, dividing property held by the parties, and awarding custody, $450 per month maintenance, and attorney's fees in the amount of $3,290.60 to wife. By terms of the decree, husband was ordered to pay $38 a week per child for a total of $456 a month child support. Additionally, husband was ordered to pay the post-secondary tuition of each child until graduation or age 21 and the high school tuition of Jeff Klenke. On November 25, 1986, pursuant to husband's motion, the decree was amended reducing the amount of child support for Jill from $38 to $15 per week, and defining the terms of post-secondary education to be provided for Jeff following his high school graduation. The total child support owed by husband was decreased to $394 per month with the notation that each child's support would terminate upon attaining age 21. Husband was also awarded the right to claim each of the three children as his dependents for tax purposes. Husband now appeals from that decree.

Initially, we note that appellate review of this case is governed by Rule 73.01 and *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will uphold the trial court's decree unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

Husband first contends that the trial court erred in failing to designate wife's retirement/pension plan as marital property and omitting it from the marital distribution. The trial court awarded wife all present and future interest in her retirement program—the court merely omitted to label said funds as marital property. ▪ The fund at issue is a fully vested retirement plan of wife's valued at $9800. The evidence supports a finding that the fund was created during the marriage with the beneficial interest belonging solely to wife. The parties stipulated the fund should be distributed to wife as it in fact

was by amended decree. Our reading of the record and husband's brief indicates that the trial court treated such property as marital in its final distribution. Husband requests only a technical and cosmetic amendment to the trial court's findings and decree. Accordingly, pursuant to Rule 84.14, we find and hold that the retirement fund is marital property and award it as such to wife. Since the trial court considered the fund in its distribution of marital property we need not remand for this purpose, or change the award to husband and wife in order to balance the distribution. The order distributing marital property is modified to reflect that wife's retirement fund is marital property and shall go to her in its entirety.

Husband's second point alleges abuse of discretion in awarding wife an excessive percentage of the marital assets. Husband claims that he was, at most, awarded only 22% of the marital assets with wife receiving 78%, and at least, he was awarded 5.5% to wife's 94.5% of the marital assets. He asserts that the primary factor behind this inequitable distribution was the trial court's finding that husband was guilty of marital infidelity. We are not persuaded by husband's contentions.

▪ The decree divided the assets as follows:

| | Husband | Wife |
|---|---|---|
| PERSONAL PROPERTY: | $ 2,620.00 | $ 4,650.00 |
| EQUITY IN HOME: | 12,000.00 [1] | 19,969.87 |
| PENSION: | | 9,800.00 |
| | $14,620.00 | $34,419.87 |

These figures reflect that husband received 30% of the marital assets to wife's 70% share. Such an award is not a *per se* abuse of discretion. *See e.g., Cook v. Cook*, 706 S.W.2d 606, 607–608 (Mo.App.1986) (sustaining decree awarding wife 86% of the marital property and charging husband with 65% of the marital debt.) Further, a percentage is not controlling or meaningful unless considered together with the nature and extent of property to be divided.

**1.** Husband's portion of equity in the home is to be distributed to him at the time of sale of the home or no later than April 24, 1991.

Husband urges us to conclude that the described division of marital assets does not reflect the true picture because husband is required to assume all short term debts of the marriage which total approximately $6,800. His monthly payments on this debt are estimated at $410 per month. Husband conveniently fails to focus on the fact that wife was charged with assuming over $43,000 in marital debt which represents the balance owing on the family residence. Her monthly payments for the mortgage and insurance exceed $540 per month.

Husband claims the primary basis for the trial court's disproportionate distribution of the marital assets and debts was its undue emphasis on husband's marital misconduct. Husband claims that the court's focus on Section 452.330.1(4) RSMo 1986—the conduct of the parties during the marriage—rises to the level of abuse of discretion. We disagree. There was ample evidence that the trial court considered (1) the fact that wife "contributed substantially to the acquisition of marital assets by her employment outside the home" and by her contribution as spouse and homemaker; (2) the economic circumstances of each spouse, particularly the fact that husband earned 72% of the spousal income to wife's 28%, and the desirability of awarding the family home to the wife who will house the children; and, (3) the conduct of the parties during the marriage. Section 452.330.1(1)–(4) RSMo 1986. We find no abuse of discretion. Point denied.

Husband's third claim of error alleges wife received an excessive amount of maintenance which was awarded by the trial court without first assessing husband's ability to pay or the prior distribution of marital property. Husband seeks either the elimination of maintenance altogether or, in the alternative, a substantial reduction in the amount of periodic maintenance awarded.

In determining whether an award of maintenance is warranted the trial court must first find that the spouse seeking maintenance (1) lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and (2) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home. Section 452.335.-1(1–2) RSMo 1986.

With respect to the first factor, the law is well-settled that a spouse is not required to dispose of marital property before being entitled to maintenance. *Balven v. Balven*, 734 S.W.2d 909, 914 (Mo. App.1987). In the case before us the only major assets of the marriage were the family home subject to a substantial mortgage and wife's pension plan. Neither are the sort of asset which is capable of providing available investment income to accommodate wife's reasonable needs. Similarly with respect to the second factor in Section 452.335.1, we note that wife is unable to support herself and three children on her current annual salary of $14,300. Her monthly expenses total almost $2,600 while her monthly income, including maintenance and child support payments, totals slightly more than $2,100. Our review of the record convinces us that the initial award of maintenance was supported by substantial evidence.

We next turn to husband's alternative assertion that the amount of maintenance awarded was excessive. Wife has no income producing property. Her anticipated annual income is $14,300 compared to husband's $37,180 which does not include an average $5,000 bonus husband had received in the past two years. Wife's reasonable monthly expenses exceed her monthly income from wages and the awards. We further note that by terms of the November 25, 1986 amended decree, husband was only required to provide child support for Jill for seven months until June 26, 1987 when she reached age 21. Similarly, support payments for Kelly and Jeff are of limited duration in light of the fact that the children are 19 and 17 years of age respectively. Considering the factors set out in Section 452.335.2 RSMo 1986, and in light of the fact that husband's child support obligations will decrease shortly after the decree, indeed one has already termi-

nated, his available income for his own use will increase. Accordingly, we do not find the $450 per month maintenance award to be an abuse of discretion. Point denied.

■ Husband's final point asserts trial court error in requiring husband to pay wife's attorney fees without first assessing husband's ability to pay. The trial court has broad discretion in awarding or denying attorney's fees. *Balven,* 734 S.W.2d at 915. The decision must be based upon a consideration of all relevant factors, including financial resources, *Id;* Section 452.355 RSMo 1986, and conduct during the marriage. *see e.g., O'Neal v. O'Neal,* 703 S.W. 2d 535, 539 (Mo.App.1985). The evidence before the trial court supports a finding that, of the two, husband had the greater ability to pay wife's attorney's fees because he earned considerably more money than she did. *Golleher v. Golleher,* 697 S.W.2d 547, 551 (Mo.App.1985). Similarly, the court could consider the fact that husband's marital infidelity was a direct cause of the termination of the marriage when it assessed attorney's fees against him. We find no abuse of discretion in the award and husband's fourth point is denied.

Judgment affirmed as modified by finding wife's pension fund as marital property.

SMITH and KELLY, JJ., concur.