In re the MARRIAGE OF C_____
S_____ B_____, Respondent,

and

C_____ M_____ B_____, Appellant.

No. KCD 28537.

Missouri Court of Appeals,
Kansas City District.

Dec. 27, 1976.

Floyd L. Sperry, Jr., M. Sperry Hickman, Inc., Independence, for appellant.

Andrew A. Marsh, Terence L. Connaughton, Kansas City, for respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

PRITCHARD, Chief Judge.

Appellant former husband of respondent asks for review of the order of the trial court awarding support for minor children and attorney fees to respondent, and of the award of custody of the minor children born of the marriage. He contends that there was no evidence that appellant had any property income or ability to pay the awards, and the only evidence was that he could not work because of medical problems and that he had no income or property, and that there was no likelihood that he could become employed in the immediate future. [Point I erroneously denominates appellant as respondent which was his designation as a party in the trial court.] As to the custody award, appellant says it was against the weight of the credible evidence in that respondent admitted to residing in the same home with another man to whom she was not married up to about November, 1975, all while the children were present in the home. He says this conduct showed respondent to be an unfit person to have the custody.

The decree of dissolution of the marriage was on December 9, 1975, and no issue is presented as to its propriety.

The two children born of the marriage were a girl, born June 9, 1973, and a boy, born July 17, 1974. The court awarded respondent $20.00 per week per child for child support and an attorney fee in the amount of $350.00 was adjudged against appellant.

The evidence bearing upon appellant's income and ability to provide support payments for the children, and to pay attorney fees is this: The property which appellant owned prior to the marriage had been foreclosed by the time of trial. All he owned was a 1965 Chevrolet pickup truck which was not in his possession. As to his physical condition, appellant testified that he was unable to work at the time of trial and had not worked for two years. He had, in the past, operated heavy equipment, but because he had blackout seizures in the past, he was afraid to get on a tractor. He had been to see doctors at the University of Missouri Medical Center, and according to a letter from one of the medical staff there dated June 19, 1974, skull x-rays indicated a generalized thickening of the bones which may be "associated with diseases which are prone to cause seizures or blackouts." This was, of course, almost 1½ years prior to trial, and there was no clear medical proof that appellant was unable to work in December, 1975. Upon being questioned by the court, appellant admitted that if he were given custody of the children he could not personally support them, but would turn them over to his parents for support. The parents had six other school-age children to support on an income in excess of $12,000 in 1975.

There was testimony concerning a sworn statement of appellant filed in the trial court concerning his earnings and expenses. That statement was not filed in this court, but the original file of the trial court has been obtained. The statement shows appellant's regular income as self-employed to be $125.00 weekly, $500.00 per month, and that there was no tax return filed for the last year because of illness. Appellant testified at trial that he was not earning $500.00 per month. As expenses, the statement reflects $100.00 per month rent; car operation $40.00, and others (including $125.00 income tax) of $345.00, a total of $485.00 per month. These expenses were not challenged by respondent as to their reasonableness or accuracy, and they show that appellant had a surplus of $15.00 per month.

There is no contention by appellant that the children are not in need of support funds, or that the amount of the award is excessive. All he says is that the evidence did not show that he had property income or regular income to support a finding that he had the ability to pay it. He couples this contention with the evidence showing he could not work. In the posture of the record presented, appellant's contentions must be sustained. His ability to pay the award is the prime consideration. *Page v. Page*, 516 S.W.2d 537, 540[3–6] (Mo.App. 1974), where it is held that the reasonableness of child support is determined by the financial condition of the husband-father at the time the award is made, and the proper measurement thereof is the capacity of the husband to pay, "and both his present and past earnings are evidence of such capacity. (Citing cases)." See also *Fugate v. Fugate*, 510 S.W.2d 705, 706[2–4] (Mo.App.1974); *McM. v. McM.*, 506 S.W.2d 14, 16[4, 5] (Mo. App.1974). The same consideration applies to the allowance of attorney fees. *S.G.E. v. R.L.J.*, 527 S.W.2d 698, 704 (Mo.App.1975). The awards of attorney fees and child support are not supported by substantial evidence. *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). The children here are of very tender years. There should be further proceedings to determine what amounts of child support appellant can be able to pay,

and an award of child support in *some* amount should be made so as to give a basis for later modification upon a showing of changed circumstances. For this purpose, the trial court is authorized to take further evidence as to appellant's then ability to make payments.

As to the child custody issue, the testimony of respondent was that she had an adequate home in which to care for the children, and had done so, except for 3 months, during the separation. Appellant claims that respondent had an adulterous relationship with another man prior to the dissolution. Respondent denied this. There is no evidence that any such relationship, even if true, had any adverse effect on these two very young children. The trial court did not err in awarding custody of the children to respondent. *Murphy v. Carron*, supra.

That part of the judgment awarding custody of the minor children is affirmed. That part of the judgment awarding child support and attorney fees is reversed and the case is remanded for further proceedings as to those issues.

All concur.