Michael D. MYERS, Respondent,

v.

Mary D. MYERS, Appellant.

No. WD 30258.

Missouri Court of Appeals,
Western District.

Sept. 4, 1979.

James F. Booth, Clayton, for appellant.

James E. Kelley, Jr., Kansas City, for respondent; Smith, Gill, Fisher & Butts, Kansas City, of counsel.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

PRITCHARD, Judge.

In this dissolution of marriage proceedings, appellant contends: (1) That the trial court erred in dividing marital property equally because it did not take into account properly the economic circumstances of the spouses, the value of the property set aside, and the conduct of the parties during the marriage, all of which constituted a breach of discretion; (2) That the trial court erred in failing to award maintenance to appellant; (3) That the trial court erred in awarding $140.00 per month child support for each of the two minor children, considering their needs and respondent's ability to pay, because it was too low; and (4) That the trial court erred in awarding appellant

only one-half ($525.25) of her attorney fees for those services in the trial.

The parties were married December 30, 1967, and separated October 11, 1977. Two female children were born of the marriage, aged nine and eight years at the time of trial.

After deductions for income and social security taxes, respondent had take-home pay of $1,811.00 per month, his gross earnings being $2,550.00 per month. Additional deductions for business expenses (car rental, insurance, motels, oil, gasoline, maintenance of car, parking, dealer meals, office supplies, telephone and miscellaneous) totalled $814.00 per month. These unreimbursed deductions resulted in $1,743.52 income tax refund for 1977, which averages $145.30 per month. These deductions and additions (tax refund) cause respondent's net income to be $1,142.30 per month. After deduction of the allowed child support payments, respondent's disposable income was about $862.30 per month. From this amount must be deducted respondent's estimated personal expenses (on his affidavit filed in the dissolution proceedings) of about $745.00 per month. This would leave him about $127.00 per month above all financial outlays.

Appellant was a secretary earning a net income after taxes of about $446.77 per month. Although presumably the child support of $280.00 per month would be used primarily for the benefit of the children, some portion thereof would obviously enure to appellant's benefit, as, for instance, a proportionate share of housing costs, as might be attributable to the children. Appellant was thirty-four years of age at the time of trial, and she then had the custody of the children. She was not then experiencing any medical or physical disabilities.

The residence of the parties was worth $31,000.00 according to respondent and $40,000.00 according to appellant. It was encumbered at $26,600.00. It was ordered sold and that the net sale proceeds be divided between the parties. $4,131.00 cash was also ordered divided equally. A 1970 Ford Torino, valued at $750.00 to $900.00, according to each party, was set off to appellant. Certain household goods were set off to each party, the value thereof not being determined (in his verified statement, respondent set the total value at $2,000.00), but the majority thereof was set off to appellant. Debts totalling $3,228.00 of the parties were ordered paid by respondent, and appellant's debts owed by her to members of her family and aggregating about $1,300.00 were ordered paid by her. At lesser figures, appellant would receive about $5,015.00 cash (less her own debts), plus her household goods, and respondent would receive about $1,787.50 cash (after his payment of all debts), and his smaller share of the household goods. It thus appears that of these meager belongings, appellant was to receive the larger share. Appellant argues that she should have been awarded the family home in which to raise the children, rather than it being ordered sold and the equity divided. Her testimony was equivocal as to whether she desired the home as a residence; she was currently living in St. Louis where her parents resided and she had no intention of moving back to Kansas City where the home was located. She also first testified that she wanted the home sold and the equity divided equally, but recanted on redirect examination where she testified that she wanted possession of the home. Appellant further argues respondent's misconduct in striking her on occasions during the ten year marriage. Although marital misconduct is a factor it is by no means binding upon the trial court, especially when the dissolution affects a marriage of long standing. See *In re Marriage of Powers,* 527 S.W.2d 949 (Mo.App. 1975). And the relatively minor misconduct here does not rise to a level justifying an unequal division of property, as it did in *In re Marriage of Cornell,* 550 S.W.2d 823, 827 (Mo.App.1977), where it was said that extra-marital activities were a major factor in the shipwreck of the long marriage upon the rock of dissolution. Under all of these circumstances, the trial court did not abuse its discretion in dividing the property, it not being unduly weighted in favor of one par-

ty. *In re Marriage of Schulte,* 546 S.W.2d 41, 47 (Mo.App.1977).

Appellant's second contention is that the trial court erroneously failed to award her maintenance. The record of appellant's testimony is that she requested $100.00 a month for 24 months in the event she was not awarded the marital home, which as noted was ordered sold and the net proceeds divided equally. In her statement of expenses for herself and the children, filed in the dissolution proceedings, appellant listed a total of about $1,027.00. With her own monthly net earnings, $446.77, and the child support, $280.00, she is presumably short $300.23. With respondent's surplus funds above all his expenses, it is obvious that he cannot meet this deficit. The matter turns upon respondent's ability to pay, as measured against appellant's asserted needs. *In re Marriage of C___ S___ B___,* 546 S.W.2d 186, 188 (Mo.App.1976); *Brown v. Brown,* 537 S.W.2d 434 (Mo.App. 1976). Upon this record, the trial court did not abuse its discretion in refusing to allow appellant maintenance. § 452.335 2.(6) RSMo 1978.

As to the contention of insufficiency of the $280.00 per month child support, it suffices to say that in addition to the lack of surplus funds of respondent, the award was well above the guidelines therefor under Mo. Bar CLE, Missouri Family Law, 2d Ed., 1978, § 7.20, for respondent's net income. Above the child support awarded, respondent was ordered to keep in force life insurance policies and medical and health insurance (the amount of premiums was not shown) for the benefit of the children until they individually reach age 21, or until they are earlier emancipated.

The last contention is that the trial court erred in awarding appellant only one-half of her attorney fees to be paid by respondent. The above general recitation of the facts of the parties' financial condition answers the contention with respect to respondent's ability to pay. Some suggestion is made in appellant's brief that appellant be allowed her attorney fees on this appeal, but that matter need not be considered because this court is without jurisdiction to award those fees initially. That is a matter for the trial court to rule, *Webb v. Webb,* 475 S.W.2d 134, 136[4, 5] (Mo.App. 1971); *Nelson v. Nelson,* 516 S.W.2d 574 (Mo.App.1974); *Cascio v. Cascio,* 485 S.W.2d 857 (Mo.App.1972).

The judgment is affirmed.

All concur.