**In re the Marriage of Daniel Edward BROWN, Appellant,**

v.

**Dorothy Lorraine BROWN, Respondent.**

No. 46545.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 17, 1984.

William Bernard Haller, St. Louis, for appellant.

Robert M. Susman, St. Louis, for respondent.

CRANDALL, Judge.

This is an appeal from the grant of a decree of dissolution. The judgment entered in this case resulted from the imposition of sanctions, pursuant to Rule 61.01(b), against appellant-husband. Therefore, it is not a default judgment in the ordinary sense but is treated as a judgment upon trial by the court. *Portell v. Portell,* 643 S.W.2d 18 (Mo.App.1982). We affirm.

In this appeal the only issue is the division of marital property. The distribution of marital property is vested in the sound discretion of the trial court. *Halbrook v. Halbrook,* 557 S.W.2d 45 (Mo.App. 1977). Section 452.330, RSMo (1978 and Supp.1983) lists four nonexclusive factors the court is to consider in dividing marital property. A review of the record against the backdrop of those factors fails to reveal any abuse of the court's discretion.

The main item of marital property was the family home which had a net value of almost $32,000. This was awarded to respondent along with a car valued at $800 and a $100 savings account. The rest of the

property, valued at approximately $7,000 was awarded to appellant. Although this distribution is weighted in respondent's favor, the evidence shows that it is equitable. Respondent is unemployed and, despite her efforts, has been unable to find employment. In her last full year of employment, 1981, she earned only $7,000. Appellant is employed full time and earned $22,000 in 1981. Thus, the economic circumstances of the parties, a factor to be considered under § 452.330, RSMo (1978 and Supp.1983), support a distribution favoring respondent, whose earning potential was shown to be one-third of appellant's. In addition, custody of the parties' two children was given to respondent. Section 452.330, RSMo (1978 and Supp.1983) instructs the court to consider the desirability of awarding the family home to the party having custody of the children.

▪ This case highlights the difficulty of devising an ideal distribution where the value of the family home far exceeds all other marital assets. In such cases an equal division of property is often impossible without a sale of the home. The statute, however, requires an equitable division, not an equal division. *In re the Marriage of Strelow,* 581 S.W.2d 426 (Mo.App.1979). The division of property here is equitable. There is evidence in the record to support it and we find no abuse of discretion.

The judgment of the trial court is therefore affirmed.

KAROHL, P.J., and REINHARD, J., concur.