In re the Marriage of Randy Dan **PRATT, Petitioner-Appellant**

v.

**Denise Lee PRATT, Respondent-Respondent.**

No. 48640.

Missouri Court of Appeals, Eastern District, Division Three.

April 30, 1985.

Timothy H. Battern, St. Louis, for petitioner-appellant.

Ray Dickhaner, Hillsboro, for respondent-respondent.

KELLY, Judge.

Randy Dan Pratt appeals from a judgment of the Circuit Court of Jefferson County in a dissolution of marriage proceeding wherein the trial court made a division of the marital property of the parties, ordered him to pay child support of $55.00 per week per child to the respondent, his wife, and awarded her attorney fees in the amount of $500.00.

The Pratts were married on August 14, 1971, and separated in July, 1983. Two children were born of the marriage; a daughter on June 29, 1972, and a son, on February 9, 1976. At the time of the trial the children were ages 11 and 6 and were residing with the wife in the family home in Imperial, Missouri. Petitioner-husband resided in an apartment situated in St. Louis County.

At time of trial Mr. Pratt had been employed by the Defense Mapping Agency in Lemay, Missouri, for approximately 4 years. His gross pay was $974.40 bi-weekly and his average take home pay was $704.81 bi-weekly. Deductions from his gross pay were $12.67 for social security; federal withholding, $138.00; state withholding, $25.00; mandatory federal retirement, $68.00; health insurance, $13.65; and life insurance, $12.40.

Mrs. Pratt was employed by Midwestern Home Builders as a girl-friday. Her gross pay was $350.00 semi-monthly, or "every two weeks." Her net pay was $289.94 semi-monthly after deductions for social security of $22.45; federal withholding, $30.00; and state withholding, $6.17.

There were no allegations nor evidence of any marital misconduct on the part of either party. At the conclusion of the trial the trial court entered the orders and judgment from which Mr. Pratt has appealed.

On appeal the appellant contends the trial court erred and abused its discretion (1) in the division of the marital property, (2) in awarding the wife $55.00 per week per child for child support, and (3) in ordering him to pay $500.00 to the respondent for attorney fees. We affirm.

The parties' marital property and the court's disposition of same is as follows.

| ASSETS | TO HUSBAND | TO WIFE |
|---|---|---|
| Family Home | | 48 – 50,000 [1] |
| Chevrolet Impala | | 1,500 – 2,300 |
| Monte Carlo | 1,275.00 | |
| Chevrolet Camaro | 3,100.00 | |
| Checking Account | 70.00 | |
| Savings Account | 70–80.00 | |
| Checking Account | | 62.00 |
| Furniture | 100.00 – 150.00 | 7,000.00 |
| Retirement Plan | 5,200.00 | |
| Savings Bond | 350.00 | |
| Sports Equipment | 800.00 | |
| | $11,065.00 – 11,125.00 | $56,562.00 – 59,362.00 |

| LIABILITIES | TO HUSBAND | TO WIFE |
|---|---|---|
| Home Mortgage | | 35,000.00 |
| Impala loan | | 700.00 |
| Camaro loan | 2,400.00 | |
| Arsenal Credit Union loan | 1,500.00 | |
| Visa | 1,300.00 | |
| Mastercard | | 300.00 |
| Famous-Barr | | 60.00 |
| Sudemeyer loan | | 800.00 |
| | 5,200.00 | 36,060.00 |
| Adjusted Value (Assets-Liabilities) | $5,865 – 5,925 | $20,502 – 23,302 |

In a dissolution proceeding, § 452.330.1 Laws Mo.1981, p. 615, lists those factors which must be considered in the distribution of marital property between the parties as follows:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage.

■ The trial court's division of marital property need not be equal, but only just and equitable, *Geldmeier v. Geldmeier*, 669 S.W.2d 33, 34 [1] (Mo.App.1984). The proportionate share to be set aside to each spouse is a matter particularly within the discretion of the trial court in view of the statutory language of § 452.330. The trial court's distribution of marital property will not be disturbed in the absence of a show-

---

**1.** Appellant petitioned to have the family home sold and the proceeds divided between the parties. Consequently, respondent contends that the value of the home should be reduced by $3000.00 to reflect a 6% real estate commission which both parties agree would have to be paid in the event the home was to be sold.

ing of an abuse of discretion. *Roberts v. Roberts*, 652 S.W.2d 325, 330[5] (Mo.App. 1983).

■ It is obvious that in this case the trial court did not divide the marital property equally. However we are not prepared to say that the trial court's division was unjust or inequitable. Mr. Pratt has a take home pay of approximately $1,400.00 monthly. The trial court ordered him to pay approximately $475.00 per month in child support, leaving him with $725.00 per month in disposable income, after paying $200.00 per month rent for his apartment. In contrast, Mrs. Pratt has approximately $1,075.00 a month, i.e., $475.00 a month child support and $600.00 in earnings from her employment. After deducting approximately $425.00 a month for her house payment, she must support herself and the two children of the marriage on $650.00 a month.

In our opinion the trial court gave deference to subsection 3 of § 452.330.1 in awarding the family home to Mrs. Pratt, thereby recognizing her precarious economic circumstances and carrying out the legislative mandate of awarding the family home, or at least a right to live therein, to the spouse having custody of the children. Although we might have divided the marital property differently, we are not prepared to hold that the trial court abused its discretion because, "... no formula exists respecting the weight to be given the relevant factors which a court may consider in carrying out the mandate of the statute." *Roberts*, supra, at p. 330.

Furthermore, though not cited by either party, we find the opinion in *Brown v. Brown*, 664 S.W.2d 268 (Mo.App.1984), directly in point. As in *Brown*, the present case illustrates the difficulty of devising an ideal distribution of marital property where the value of the family home far exceeds the value of all the other marital assets to be distributed between the parties. In such a case an equal division of the real property is often impossible without the sale of the family home. However, the controlling statute advocates the award of the family home, or at least the right to live therein, to the spouse having custody of the minor children of the marriage. In this situation the parties can only hope for an equitable distribution of the marital property, not an equal one, and we are of the opinion that this was done in this case.

We have examined the cases cited by appellant and find them inapposite. *In re Marriage of Schulte*, 546 S.W.2d 41 (Mo.App.1977) and *In re Marriage of Cornell*, 550 S.W.2d 823 (Mo.App.1977) are cases in which the marital property totalled $241,000.00 and $644,000.00 respectively, and in those cases where substantial assets exist, there is no necessity for the trial court to initially provide for the future security of the children as was necessary in this present case. In *Rising v. Rising*, 608 S.W.2d 510, 511 (Mo.App.1980) the court merely held that marital misconduct should not be the basis for awarding an inadequate share of marital property to the offending spouse. The conduct of neither party is in issue here and therefore we find *Rising* unpersuasive.

We hold that there was no error in the trial court's division of the marital property and find this Point to be without merit.

■ We now consider the award of child support. In setting the amount of child support the trial court must make an order which accommodates the needs of the minor children of the marriage and the ability of the parents to meet those needs. *Toomey v. Toomey*, 636 S.W.2d 313, 315 [1] (Mo.1982). Under § 452.340, RSMo 1978, the trial court in determining the amount of child support should consider all relevant factors including: (1) The father's primary responsibility for support of his child; (2) the financial resources of the child; (3) the financial resources of the custodial parent; (4) the standard of living the child would have enjoyed had the marriage not been dissolved; (5) the physical and emotional condition of the child and his educational needs; and (6) the financial re-

sources and needs of the non-custodial parent. In light of these six factors and the economic circumstances of the parties, we find no abuse of discretion in the trial court's award of child support in the amount of $55.00 per week per child and further analysis of the Point would serve no judicial purpose.

Appellant's final Point is directed at an award of $500.00 attorney fees to Mrs. Pratt. Section 452.355, RSMo 1978, provides, in part, that "... the court from time to time after considering all relevant factors, including the financial resources of both parties, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding ... and for attorney fees ...." An award of attorney fees is within the broad discretion of the trial court and is reviewable on appeal only for abuse. *Dutton v. Dutton*, 668 S.W.2d 585, 592[17] (Mo.App. 1984). Under the circumstances of this case we find no abuse of discretion in the trial court's award of the meager sum of $500.00 attorney fees to respondent and we rule this Point against appellant.

Respondent, pursuant to Rule 84.19 has requested that we assess the damages against appellant for filing this alleged frivolous appeal. We decline her request.

The judgment of the trial court is affirmed.

DOWD, P.J., and CRANDALL, J., concur.