Gad Ellsworth SCOTT, Appellant,

v.

Nellie Viola SCOTT, Respondent.

No. WD 36733.

Missouri Court of Appeals,
Western District.

Dec. 17, 1985.

Patrick E. Richardson, Green City, for appellant.

Charles B. Adams, Kirksville, for respondent.

Before CLARK, C.J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

Husband appeals from property division and maintenance provisions of dissolution of marriage decree.

The decree awarded husband personal property valued at $4,500, plus "clothing and personal property in his possession", and ordered him to pay debts totaling $1,800. It awarded to wife a mobile home and lots on which same was located, valued at $4,000, a car valued at $200, and "all clothing and personal property in her possession".

The decree further provided "that the husband's vested but not matured pension plan is marital property and is divided equally between the parties". The decree awarded the wife $150 per month maintenance.

The parties had been married in 1952 and were finally separated in 1984 after 32 years' marriage.

### Division of Marital Property other than Retirement Fund

▪ Husband complains of the court's valuation of the mobile home and lots at $4,000, as opposed to his own valuation of $10,000–$12,000. There was evidence to support the $4,000 valuation, though. Wife testified to that valuation on the basis of an appraisal she had received from a realty company, to which she testified without objection. *Boten v. Brecklein*, 452 S.W.2d 86, 95 (Mo.1970); *In re Marriage of Ebinger*, 573 S.W.2d 738, 740 n. 1 (Mo.App. 1978); *Resolute Insurance Co. v. Morgan Drive-Away, Inc.*, 403 S.W.2d 913, 921 (Mo. App.1966). The inequality of the division of marital property is no ground for setting aside the division, especially in view of the husband's marital misconduct of which there was considerable evidence. *Arp v. Arp*, 572 S.W.2d 232, 235 (Mo.App.1978); Sec. 452.330.1(4), RSMo Supp.1984. The marital property division is not required to be equal but only to be fair. *Brown v. Brown*, 664 S.W.2d 268, 269 (Mo.App.1984); *In re Marriage of Arnold*, 632 S.W.2d 28, 29 (Mo.App.1982); *In re Marriage of Strelow*, 581 S.W.2d 426, 429–30 (Mo.App.1979). We cannot hold this division less than fair.

### Maintenance

▪ At the time of the hearing wife was living with a daughter in Kirksville, to whom she was paying rent of $25 per week. She was working four or five days per week as a waitress in a restaurant, where she was paid $10 per day. She was receiving from HUD $175 per month rent on the mobile home, which was occupied by another daughter. She testified that she would continue to receive this rental for two months. Wife was 52 years old and had a grade school education. Except for one brief stint of one and one-half months, she had not worked for wages during the parties' marriage until their separation.

The husband on the other hand was receiving social security disability payments of $590 per month. He had been unemployed since 1981 when he was felled by a heart attack. He was living with a woman with whom he had been romantically involved since 1979. The two of them shared expenses. The meager testimony of the living expenses of the parties indicate that their living expenses are roughly the same—which is to say, at subsistence levels—and the $150 monthly maintenance paid by husband to wife will place them approximately on a parity. We cannot condemn the award of $150 monthly maintenance payable by husband to wife.

### Retirement Plan

The husband had been employed by the Missouri Mining Company for 11 years before his employment was terminated in

1981 as a result of his disability. At age 55 (he was 50 at the time of the trial) he would become entitled to a pension of $200 per month if he was still disabled at that time. This pension was funded by employer's contributions; the husband had made no contribution thereto.

The retirement plan was marital property and the court was correct in so treating it, and was correct in ordering it divided equally between the parties. However, it is not clear from the judgment whether its present value (of which there is no evidence) is to be divided equally between the parties or how the wife is to realize her share thereof. We direct the amendment of the judgment by adding the following:

Any sum paid from the retirement fund is to be paid in equal shares to Gad Ellsworth Scott and Nellie Viola Scott. Nellie Viola Scott is hereby designated as beneficiary of any death benefit to the extent of one-half thereof. Gad Ellsworth Scott is ordered, as further assurance, to execute and deliver to Missouri Mining Company and to the retirement fund administrator any necessary writing to effect the designation of Nellie Viola Scott as 50% recipient of all benefits payable from the retirement fund. A copy of this decree is to be filed with the Missouri Mining Fund and with the pension fund administrator.

See *Kuchta v. Kuchta,* 636 S.W.2d 663 (Mo. banc 1982); *Alvino v. Alvino,* 659 S.W.2d 266 (Mo.App.1983).

The cause is remanded to the trial court for the entry of such amended judgment. As amended, the judgment is affirmed.

All concur.