In re the Marriage of James William
FEATHERSTON,
Petitioner-Respondent,

v.

Linda Joan FEATHERSTON,
Respondent-Appellant.

No. 50275.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 18, 1986.

Motion for Rehearing and/or Transfer
Denied April 15, 1986.

Application to Transfer Denied
June 17, 1986.

David B. Lacks, Kris R. Baumgartner, St. Louis, for respondent-appellant.

Edward A. Stierberger, Union, for petitioner-respondent.

GARY M. GAERTNER, Judge.

On May 14, 1985, the trial court entered a decree dissolving the fourteen-year marriage between petitioner, James Featherston (husband), and respondent, Linda Featherston (wife). Wife appeals from that decree, arguing that the trial court erred in: (1) finding that the marriage was irretrievably broken; (2) dividing the marital property between the parties; (3) denying wife an award of maintenance; and (4) awarding wife attorney's fees in the amount of only $500. Finding each of these arguments without merit, we affirm.

The parties met in 1968, when wife began working for husband as a commercial artist. Although husband was already married at that time, he and wife commenced "going together" in 1969. Husband obtained a divorce in February of 1970, and proceeded to marry wife on June 12, 1970.

Wife ceased working outside the home within the first few years of marriage. Husband continued working until 1980, when his health began to fail and he retired.[1] At about that same time, the parties began experiencing marital difficulties. Their marital problems were compounded by financial setbacks, which caused husband to return to work. Husband suggested to wife that she should also seek employment, but she decided instead to return to school and pursue a graduate degree in architecture.[2] The parties thereafter separated in or about March of 1983. At the time of the dissolution hearing, the parties had not had sexual relations for approximately one year.

The parties acquired three pieces of real estate during the marriage. These included a house in Kirkwood, Missouri, with an appraised value of $40,000; a house on the Bourbeuse River near Beaufort, Missouri, appraised at $21,000; and 160 acres of land in Dent County, Missouri, appraised at $24,000. The parties also owned three automobiles. These included a 1966 Volkswagen; a 1981 Mercury Zephyr station wagon, valued at $4000; and a 1983 Mercury Lynx, valued at $6500, which is subject to a $5500 chattel mortgage.

Husband currently receives $2000 monthly from his employment, and $800 monthly in United States Army pension benefits. When he retires, he will receive, in addition to the army pension, a $300 monthly pension from his employer and $400 monthly from the Social Security program. Wife currently attends school full-time, and has no income.

On May 1, 1985, the trial judge mailed a letter to the attorneys for both parties, stating that he considered the marriage "broken and dissolved," and explaining how the marital property would be divided. The letter also provided: "The court considers both parties to be short on moral courage, but she [wife] is the one who picked up on an already married man."

---

1. Husband was suffering from hypertension, glaucoma and angina. Husband is currently sixty-two years old, while wife is forty-one.

2. Prior to the marriage, wife had earned an undergraduate degree in fine arts.

On May 14, 1985, the trial court entered a decree dissolving the marriage. The decree provided that the marriage was "irretrievably broken." The court denied maintenance to both parties, and awarded each party the personal effects in that party's possession. The court awarded wife the real estate in Kirkwood and Dent County, and the Volkswagen.[3] The court awarded husband the Bourbeuse River property and the remaining two automobiles, with husband to assume the mortgage on the Mercury Lynx.[4] The court also ordered husband to pay wife $500 for her attorney's fees. Wife appeals from that decree.

Our review of a court-tried case, such as the case at bar, is governed by Rule 73.01. Pursuant to that rule, we must sustain the trial court's decree unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Kornberg v. Kornberg*, 688 S.W.2d 377, 378 (Mo.App.1985).

In her first point on appeal, wife argues that the trial court abused its discretion in finding that the marriage was irretrievably broken. Wife contends that, under the applicable statutory test, the evidence in the record does not support such a finding.

■ Section 452.320.2 RSMo 1978[5] provides that, if the issue of irretrievable breakage is disputed, the trial court must determine whether the marriage is irretrievably broken in light of all relevant factors, including the circumstances that gave rise to the filing of the dissolution petition and the prospect of reconciliation. For the court to find the marriage irretrievably broken, petitioner must adduce evidence establishing at least one of the five factors set forth in section 452.320.2(1). *Tygett v. Tygett*, 639 S.W.2d 282, 284 (Mo. App.1982). The only one of those factors relevant to this action is section 452.320.-

2(1)(b), which requires that "the respondent has behaved in such a way that the petitioner cannot reasonably be expected to live with the respondent."

■ In the case before us, the record contains sufficient evidence to support a finding that wife has behaved in such a manner that husband cannot reasonably be expected to live with her. The evidence established that the parties had not had any sexual contact for approximately one year prior to the dissolution hearing. Husband testified that wife once said she "despised" him, and that she generally exhibited little consideration for his needs or desires. He further testified that she refused to obtain employment when his health began to fail and they began having financial problems, and that she insisted instead upon beginning graduate school. When questioned at the dissolution hearing about her husband's health, wife testified that "[h]e loves to say he doesn't feel well." While this evidence may not indicate gross misconduct on wife's part, we must defer to the trial court's determination. *Cregan v. Clark*, 658 S.W.2d 924, 927–28 (Mo.App. 1983). The existence of such evidence distinguishes this case from *In re Marriage of Capstick*, 547 S.W.2d 522 (Mo.App.1977), upon which wife relies heavily. Accordingly, this point is denied.

In her second point on appeal, wife argues that the trial court erred in dividing the marital property between the parties. Wife contends that the court erred by failing to assign any specific value to the items identified as marital property, and by improperly considering the relevant statutory factors.

Section 452.330.1 RSMo Cum.Supp.1984 provides that the trial court must divide the marital property in light of all relevant factors, including:

---

3. Wife was also awarded a checking account held in her name, a personal life insurance policy and certain securities.

4. Husband also received a checking account held in his name, an individual retirement account, two life insurance policies, his pension program and a canoe.

5. Unless otherwise indicated, all subsequent statutory references refer to RSMo 1978.

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage.

The statute requires a fair and equitable division of the marital property, but does not require an equal division. The trial court is vested with considerable discretion in dividing marital property, and an appellate court will interfere only if the division is so heavily weighted in favor of one party as to amount to an abuse of discretion. *Dardick v. Dardick*, 670 S.W.2d 865, 869 (Mo. banc 1984).

■ Wife first argues that the trial court's decree is deficient on its face because it fails to assign any value to specific items of marital property. Under Missouri law, however, a trial court is not required to specifically determine the value of particular items of marital property unless a party requests such findings, or unless the record contains insufficient evidence to enable the court to make a just division. *Dardick*, 670 S.W.2d at 868; *McClement v. McClement*, 681 S.W.2d 500, 503 (Mo.App. 1984). In the case before us, no request for specific findings was made and, as discussed more fully below, the evidence was sufficient to support the trial court's division.

Wife further contends that the trial court erred in considering the statutory factors set forth in section 452.330.1, *supra.* Specifically, she maintains that the court did not consider her contributions as a homemaker or her particular economic circumstances. Wife also argues that the court improperly considered her conduct prior to the marriage, because in his letter to the

attorneys the trial judge observed that wife had "picked up on an already married man."

■ We find that the trial court divided the marital property in a just manner. Wife received a greater share of the real estate owned by the parties, and although husband received two of the three automobiles, he assumed a large mortgage on one of them. The evidence does not indicate that wife's contribution as homemaker exceeded husband's contribution as breadwinner. Although wife has been out of the job market for ten years and desires to continue her education, she testified that there is no reason she cannot obtain full-time employment at this time. Husband's economic circumstances are not substantially better, given that he is more than twenty years older than wife and has once been forced into retirement by health problems. Finally, the trial judge's *ex mero motu* observation regarding wife's pre-marital conduct does not, in itself, render the division of marital property unjust. Accordingly, we hold that the trial court did not abuse its discretion in dividing the marital property.

■ In her third point on appeal, wife argues that the trial court erred in failing to grant her maintenance. A trial court may grant maintenance only if it finds that the party seeking maintenance lacks sufficient property, including marital property, to provide for his reasonable needs, and he is unable to support himself through appropriate employment. Section 452.335.1; *Davis v. Davis*, 693 S.W.2d 879, 882 (Mo.App. 1985). The trial court has broad discretion in deciding whether to grant maintenance, and its decision will be reversed only if that discretion has been abused. *Steinmeyer v. Steinmeyer*, 669 S.W.2d 65, 67 (Mo.App. 1984).

■ We find that the trial court properly declined to grant maintenance to wife. Wife was awarded real estate valued at $64,000, an automobile and other personal property. She testified, moreover, that there was no reason—other than her desire

to pursue a graduate degree in architecture—that she could not obtain full-time employment sufficient to support herself. Wife seeks maintenance, therefore, not because she is unable to support herself, but because she wants husband to finance her education. Simply stated, this is not a proper basis upon which to grant maintenance. Accordingly, we affirm the trial court's decision denying maintenance.

In her fourth point on appeal, wife argues that the trial court erred in awarding her only $500 in attorney's fees. Wife contends that, given her particular economic circumstances, this *"de minimis"* amount is unreasonable.

The Dissolution of Marriage Act provides that the trial court may order a party to pay a reasonable amount for the other party's attorney's fees. Section 452.355. The court must first consider all relevant factors, including the financial resources of both parties. The decision whether to award attorney's fees, and in what amount, remains within the broad discretion of the trial court. *Pratt v. Pratt*, 691 S.W.2d 441, 445 (Mo.App.1985). That decision is presumptively correct, *Potter v. Desloge*, 658 S.W.2d 83, 85 (Mo.App.1983), and will not be disturbed absent a manifest abuse of discretion. *Mills v. Mills*, 663 S.W.2d 369, 374 (Mo.App.1983).

In our previous discussion, we have reviewed the financial position of each party. Husband's economic circumstances are not substantially better than those of wife. Accordingly, we hold that the trial court did not abuse its discretion in limiting wife's attorney's fees to $500. This point is denied.

Judgment affirmed.

KAROHL, P.J., and SIMON, J., concur.