**In re the MARRIAGE OF Virginia Mae CARTER and Floyd Bert Carter.**

**Virginia Mae CARTER, Respondent,**

v.

**Floyd Bert CARTER, Appellant.**

No. 14475.

Missouri Court of Appeals, Southern District, Division Two.

April 25, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 16, 1986.

21

tial evidence and is not against the weight of the evidence. No error of law appears, and a further opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

HOGAN, P.J., and MAUS and CROW, JJ., concur.

David G. Neal, Eminence, for respondent.

Janet K. Brown, Poplar Bluff, for appellant.

**PREWITT, Chief Judge.**

Husband appeals from a decree dissolving the parties' marriage. He contends the trial court erred in determining that certain real property was marital property, and in ordering him to pay his wife $11,000 as part of the division of marital property. Including the $11,000 awarded the wife, she received less than half the value of the marital assets.

The real estate was held by the parties as tenants by the entirety. There was also other evidence that it was marital property.

The parties agree that the husband contributed more financially to the acquisition of the marital property. However, the wife's contribution as a "homemaker" is to be considered in dividing marital property. See § 452.330.1, RSMo Supp.1984. In addition, the economic circumstances which the trial court is to consider under § 452.330.-1(3) includes the income producing abilities of the parties. See *Pratt v. Pratt*, 691 S.W.2d 441, 444 (Mo.App.1985); *P.L.K. v. R.J.K.*, 682 S.W.2d 486, 490 (Mo.App.1984). The husband's income was substantially more than that of the wife.

An examination of the record reveals that the judgment is supported by substan-