**Gail L. CYR, Respondent,**

v.

**Gary E. BODENHAUSEN, Appellant.**

**No. WD 53113.**

Missouri Court of Appeals,
Western District.

June 10, 1997.

Robert Paden, Independence, for Appellant.

K. Martin Kuny, Independence, for Respondent.

SPINDEN, Judge.

Gary E. Bodenhausen appeals the circuit court's order granting Gail L. Cyr's motion to increase child support for their three children to $4251 a month. Bodenhausen contends that the circuit court erred by not determining what the presumed child support amount was and by ordering him to pay Cyr's attorney fees. We affirm the circuit court's judgment.

Bodenhausen and Cyr divorced on October 14, 1988. Three children were born to the marriage. In its decree of dissolution, the circuit court ordered Bodenhausen to pay $1700 a month in child support for the three children.

On October 27, 1995, Cyr asked the circuit court to increase Bodenhausen's child support. She contended that the cost of raising the children had increased substantially.

The circuit court held a hearing on June 28, 1996, when the children were ages 15, 13, and 10. The evidence established that Cyr earned $4500 a month and that Bodenhausen earned $25,000 a month. Each party submitted a Form 14 to the circuit court. Bodenhausen calculated the presumed correct child support amount for the children to be $2183 a month, and Cyr calculated the presumed correct child support amount to be "off the chart" but asked the circuit court to award her $4689 a month in child support. The circuit court concluded:

> For purposes of calculating child support the Court finds that [Cyr's] income is $4,500.00 per month and [Bodenhausen's] income is $25,000 per month with reason-able work related child care costs of $48.00, after first deducting the appropriate income tax credit, and health insurance premium costs of $47.00, credit for the payment of which is given to [Cyr]. The Court finds that it is unable to ascertain the presumed correct child support amount to be calculated pursuant to Sec. 452.340.8, R.S.Mo.1994, Supreme Court Rule 88.01 for the reason that the income of the parties is substantially in excess of the maximum amount for which child support is calculated in the presumed child support chart as established under Supreme Court Rule 88.01 and Civil Procedure Form No. 14. That the maximum amount of child support provided in said child support chart is unjust and inappropriate due to the reasonable costs of maintaining the minor children herein. After consideration of all relevant factors pursuant to Sec. 452.340.8 R.S.Mo. and Rule 88.01, the Court finds that a reasonable and necessary child support amount is $4,251.00 per month.

Bodenhausen complains that the circuit court erred in increasing the child support because it did not determine the presumed correct child support amount.

To provide for meaningful appellate review, the circuit court must use Form 14 to determine the presumed correct child support pursuant to Rule 88.01. "This is a mathematical calculation, the mandatory use of which ensures that the child support guidelines will be considered in every case[.]" *Neal v. Neal,* 941 S.W.2d 501, 504 (Mo. banc 1997); *see also Woolridge v. Woolridge,* 915 S.W.2d 372, 379 (Mo.App.1996).

In this case, the circuit court said that it could not ascertain the presumed correct child support amount because the parties' income exceeded the maximum on the child support chart. The court also said, however, that "the maximum amount of child support provided in said child support chart[1] is unjust and inappropriate due to the reasonable costs of maintaining the minor children herein."

---

1. The maximum child support for three children provided by the chart is $2422.

■ Bodenhausen correctly contended to the circuit court that it was obligated to accept the maximum on the child support chart as the presumed correct child support. In *Mehra v. Mehra*, 819 S.W.2d 351, 354 (Mo. banc 1991), the Supreme Court held that when the parties' income exceeds the amounts provided by the chart, a circuit court's extrapolating a figure beyond the confines of the chart is unjustified in the absence of any specific finding that the maximum amount of child support provided by the chart was unjust or inappropriate. We understand the Supreme Court to be instructing that the chart's maximum—$2422 for three children—is the presumed correct child support for those parties whose income equals or exceeds the combined gross maximum monthly income of $15,000. Although the Supreme Court did not deal directly with this issue in *Neal*, we find nothing in that opinion which suggests that *Mehra*'s teaching in that regard does not remain the law. Thus, when the combined gross monthly income of the parties exceeds the chart's maximum, the chart's maximum amount of child support is the amount that the court should enter on Line № 4.a of Form 14.

■ Nonetheless, even though the circuit court erroneously failed to accept the chart's maximum as the proper beginning point for calculating the presumed correct child support, Bodenhausen was not prejudiced by the circuit court's error. The circuit court specifically determined that the chart's maximum child support amount of $2422 was unjust and inappropriate. Even had the circuit court put $2422 on Form 14's Line № 4.a, and made the calculations called for in Lines № 4.b through 7, the result would be the same. Accepting the most liberal figures for the Form 14 calculations and applying each parent's income percentages to the child support obligation would have resulted in an amount slightly more than $2422.[2] Because

the circuit court found $2422 to be unjust and inappropriate, and ordered Bodenhausen to pay $4251, we are certain that the circuit court would have found an amount slightly more than $2422 to be unjust and inappropriate.

■ Bodenhausen correctly notes that we said in *Woolridge* that a circuit court must set out its Form 14 calculations and failure to do so is reversible error. We still hold to the notion that calculation of the presumed correct child support using Form 14 is mandatory; however, we said in *Woolridge* that the circuit court's failure to calculate is not reversible error so long as the record clearly establishes how the circuit court reached its conclusion. 915 S.W.2d at 382. The record is clear in this case. In the unique circumstances of this case, we find no benefit to remanding to the circuit court for the purpose of having it complete the undone calculations only to render the same conclusion—that the Form 14 amount is unjust and inappropriate.

Bodenhausen did not appeal the circuit court's determination that "the maximum amount of child support provided in [the] child support chart is unjust and inappropriate due to the reasonable costs of maintaining the minor children herein." Hence, we do not address the issue.

■ Bodenhausen also complains about the circuit court's ordering him to pay Cyr's attorney fees of $1000. He contends that Cyr is financially able to pay her own attorney fees. The circuit court did not abuse its discretion.

■ Section 452.355.1, RSMo 1994, provides that the circuit court "may" allocate any portion of a party's attorney fees to the other party. The court must consider "all relevant factors including the financial re-

2. Cyr's Form 14 listed the parties' combined adjusted gross income as $29,590.92 a month. She listed $48 as her work related child care costs, $78.58 as health insurance costs and $350 as extraordinary medical expenses. She entered zero in the blank for extraordinary expenses. She calculated her proportionate share of the combined income as 15.23 percent and Bodenhausen's as 84.77 percent. Bodenhausen's Form

14 listed the parties' combined adjusted gross income as $29,500. He listed $60 as Cyr's work related child care costs and $96 as health insurance costs. He entered zero in the blanks for extraordinary medical expenses and extraordinary expenses. He calculated his proportionate share of the combined income as 84.7 percent and Cyr's as 15.3 percent.

sources of both parties[.]" Section 452.355.1. We will overturn the circuit court's decision concerning attorney fees only if we find an abuse of discretion. *Mabon v. Mabon,* 833 S.W.2d 488, 489 (Mo.App.1992). "To demonstrate an abuse of discretion, the complaining party bears the burden of showing the award to be clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Meservey v. Meservey,* 841 S.W.2d 240, 248 (Mo.App. 1992). A spouse's inability to pay is not a requirement for awarding attorney fees. One spouse's greater ability to pay is sufficient to support an award of attorney fees to the other spouse. *Id.*

Bodenhausen does not persuade us that the circuit court abused its discretion concerning its award of attorney fees. The award is not clearly against the logic of the circumstances or so arbitrary and unreasonable as to shock our sense of justice.

We affirm the circuit court's judgment of the circuit court.

BERREY, P.J, and SMART, J., concur.