**John W. ELLIS, III, Appellant,**

*v.*

**Rennae Y. ELLIS, Respondent.**

No. WD 54557.

Missouri, Court of Appeals,
Western District.

June 23, 1998.

Rehearing Denied July 28, 1998.

David Browning, Independence, for Appellant.

Sherry Dejanes, Kansas City, for Respondent.

SPINDEN, Judge.

John W. Ellis, III, appeals the circuit court's judgment to award maintenance and attorney fees to his former wife, Rennae Y. Ellis, in a dissolution of marriage action. We affirm the circuit court's judgment. Rennae Ellis has asked us to award attorney fees incurred during the appeal. We remand that issue to the circuit court.

John Ellis filed a petition on March 2, 1995, asking the circuit court to dissolve his marriage to Rennae Ellis which had endured since 1969. The circuit court dissolved the marriage, divided marital property, and awarded Rennae Ellis "non-modifiable" maintenance of $1300 a month from June

1997 through June 2001. The circuit court also ordered John Ellis to pay Rennae Ellis' attorney fees of $5811.22.

In the first three points of his appeal, John Ellis contends that the circuit court erred in awarding maintenance to Rennae Ellis. He claims that the award was against the weight of the evidence. He complains that the circuit court did not require her to prove that she had tried to find a full-time job and that it did not base the award on need but on Rennae Ellis' desired, but unnecessary, career change. In his fourth point, John Ellis contends that, even if the circuit court did not abuse its discretion in awarding maintenance, its awarding nonmodifiable maintenance was improper. Because these points are related, we consider them together.

The circuit court has broad discretion in deciding whether to award maintenance. We will not reverse the circuit court's decision unless we find that the circuit court abused its discretion. *Allen v. Allen*, 927 S.W.2d 881, 885 (Mo.App.1996). We will disturb a maintenance award only if it is "patently unwarranted or is wholly beyond the means of the spouse who pays maintenance." *Gardner v. Gardner*, 830 S.W.2d 559, 561 (Mo.App.1992).

Section 452.335.1 [1] authorizes the circuit court to award maintenance, but only if the spouse who seeks maintenance:

(1) Lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs; and

(2) Is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

John Ellis concedes that Rennae Ellis did not have sufficient property to meet her needs, but he contends that the circuit court overlooked evidence that she could have supported herself through a full-time job in nursing. He complains that the circuit court's award was to allow her to return to school at his expense to become a nurse administrator.

1. All citations to statutes refer to the 1994 Revised Statutes.

The relevant factors which the court should consider in determining the amount and length of maintenance are delineated in § 452.335.2:

> (1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;
>
> (2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;
>
> (3) The comparative earning capacity of each spouse;
>
> (4) The standard of living established during the marriage;
>
> (5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;
>
> (6) The duration of the marriage;
>
> (7) The age, and the physical and emotional condition of the spouse seeking maintenance;
>
> (8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;
>
> (9) The conduct of the parties during the marriage; and
>
> (10) Any other relevant factors.

The circuit court noted that the Ellis' marriage exceeded 25 years and that during the marriage, John Ellis' education and job status "advanced considerably." The circuit court also noted that John Ellis had a secure job, that he was earning more than $50,000 a year, and that he had the opportunity to earn a good income after retiring from the military. It found that Rennae Ellis suffered a chronic and recurring medical condition, osteomyelitis, which was diagnosed in 1984.[2] In awarding maintenance to Rennae Ellis, the circuit court said:

> [Rennae Ellis] is licensed as a Registered Nurse, but, because of her recurrent problems with chronic osteomyelitis, cannot be expected to perform the day-in and day-out duties of a nurse and is not able, at this time, to support herself through appropriate employment[.]

> After [Rennae Ellis] moved to Kansas City from Colorado, [she] did not look for full-time employment as a nurse. However, she enrolled at the University of Missouri at Kansas City in an effort to obtain her bachelor's degree in nursing. [She] has also made application to the graduate nursing program at the University of Missouri at Kansas City, where she hopes to obtain her Masters of Science in Nursing so that she can secure a job in nursing administration, which will allow her to avoid the physical rigors of nursing while remaining in the field and capitalizing on her skills[.]

> [Rennae Ellis] is on the right track to get the education she needs to put her education and experience to use without subjecting herself to the physical strain of nursing[.]

> [Rennae Ellis] anticipates graduation from the Masters program in the year 2001, thus it is fair and reasonable for [her] to receive non-modifiable maintenance in the amount of $1,300 per month from [John Ellis] beginning June 1, 1997 until June 30, 2001.

John Ellis complains that these findings were against the weight of the evidence.

When we review a circuit court's award of maintenance, we view the evidence in a light favorable to the decree by disregarding contrary evidence and by deferring to the circuit court's findings even if the evidence could support a different conclusion. *Allen*, 927 S.W.2d at 885. We defer to the circuit court's findings because it is in a better position to judge witness credibility, sincerity, and character and other intangibles not revealed in a transcript. *Hileman v. Hileman*, 909 S.W.2d 675, 679 (Mo.App. 1995).

---

**2.** John Ellis ignored the other applicable relevant factors which the circuit court considered in awarding maintenance: each spouse's comparative earning capacity; duration of the marriage; and the age and physical and emotional condition of the spouse seeking maintenance.

John Ellis did not dispute evidence that Rennae Ellis suffered chronic osteomyelitis. Rennae Ellis testified that her osteomyelitis was exacerbated when performing normal nursing duties which required her to be constantly on her feet and that her condition had improved since she had quit doing traditional nursing duties. John Ellis acknowledged that he knew before the couple separated that physically demanding work created health problems for his wife. Rennae Ellis testified that additional education to prepare for a nursing administration position would allow her to use her nursing skills in a less physically demanding situation. She testified that to be eligible for a nursing administration position she would need a bachelor's degree in nursing and a master's degree in nursing administration.

Section 452.335.2(2) provides that the circuit court should consider "[t]he time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment[.]" The circuit court heard evidence which supported its determinations concerning Rennae Ellis' medical condition and its effect on her ability to perform a regular nursing job.

To support his proposition that the circuit court erred in awarding maintenance without requiring Rennae Ellis to look for full-time work in nursing, John Ellis relied on *Hileman*, 909 S.W.2d 675, which ruled that a spouse who receives maintenance must "seek adequate employment to become self-supporting[, and] ... [t]his duty contemplates exertion of reasonable efforts to attain self-sufficiency; the spouse receiving maintenance will not be permitted to benefit from inaction." *Id.* at 679. John Ellis misunderstands *Hileman*. Passive acceptance of support for an extended period without significant efforts to become self-sufficient is what offends the recipient spouse's duty. Far from being passive, the circuit court heard evidence that Rennae Ellis' educational plans were steps toward her becoming self-sufficient. The circuit court did not err in its findings.

■ John Ellis also argues, on the basis of *Featherston v. Featherston*, 710 S.W.2d 288 (Mo.App.1986), that maintenance is not proper when the spouse requesting it merely wants the other spouse to finance an education. We agree, but Rennae Ellis' circumstances were much different than those involved in *Featherston*. In *Featherston*, the wife testified that "there was no reason—other than her desire to pursue a graduate degree in architecture—that she could not obtain full-time employment sufficient to support herself." *Id.* at 291–92. For Rennae Ellis, her medical condition necessitated her seeking education to pursue a less strenuous job.

■ John Ellis also contends that the circuit court erred in awarding maintenance designated as "non-modifiable." He complains that the designation made the award an improper lump sum, maintenance "in gross" award. *Cates v. Cates*, 819 S.W.2d 731, 738 (Mo. banc 1991). The Supreme Court has declared that maintenance-in-gross is not proper "[b]ecause maintenance is founded on need, [and] a maintenance award may extend only so long as the need exists." *Id.* at 735.

■ Section 452.335.3 says, "The maintenance order shall state if it is modifiable or nonmodifiable." The circuit court may designate its maintenance award as nonmodifiable if the circumstances of a case support it. *In re Marriage of Lawry*, 883 S.W.2d 84, 90 (Mo.App.1994).

The circuit court awarded maintenance for the period required for Rennae Ellis to complete the education she needed to become self-sufficient. The circuit court did not abuse its discretion in awarding nonmodifiable maintenance.

In his fifth point, John Ellis contends that the circuit court abused its discretion in awarding attorney fees to Rennae Ellis because, had the circuit court required her to seek employment, she could have paid her own attorney. We disagree.

Section 452.355.1 provides for the award of attorney fees and says:

The court from time to time after considering all relevant factors including the financial resources of both parties may order a party to pay a reasonable amount for

the cost to the other party of maintaining or defending any proceeding under sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name.

The circuit court has broad discretion to award attorney fees, and we will not overturn its decision unless we discern an abuse of discretion. *Lawrence v. Lawrence,* 938 S.W.2d 333, 338 (Mo.App.1997).

A spouse's inability to pay her attorney is not a required element for the circuit court's awarding attorney fees to her. *Cyr v. Bodenhausen,* 946 S.W.2d 288, 291 (Mo.App. 1997). "One spouse's greater ability to pay is sufficient to support an award of attorney fees to the other spouse." *Id.*

We do not discern abuse of discretion in the circuit court's award of attorney fees to Rennae Ellis. She was not working, and John Ellis was earning more than $50,000 a year. Even if the circuit court had required Rennae Ellis to work full-time as a registered nurse, evidence indicated that John Ellis still had a greater ability to pay Rennae Ellis' attorney fees.

The circuit court also can consider "a spouse's conduct during litigation of the divorce which unfairly increases the other spouse's attorney fees." *In re Marriage of Kovach,* 873 S.W.2d 604, 608 (Mo.App.1993). Rennae Ellis had to obtain the circuit court's order to enforce discovery when John Ellis failed or refused to answer her interrogatories. She also had to obtain the circuit court's intervention to get her winter clothing and personal property because John Ellis was the only person with access to the property, which was in military storage. He refused to sign a power of attorney as ordered by the circuit court to permit Rennae Ellis access to the property, and Rennae Ellis had to ask the circuit court for an order of contempt. Only the day before the hearing on the order to show cause for contempt did John Ellis comply with the orders to permit Rennae Ellis access to her property.

Rennae Ellis has filed a motion with this court to award attorney fees incurred as a result of John Ellis' filing this appeal. Award of attorney fees is initially a matter for the circuit court's determination. *Myers v. Myers,* 586 S.W.2d 797, 799 (Mo.App.1979). We therefore, remand this issue to the circuit court.

We affirm the circuit court's judgment awarding maintenance and attorney fees. We remand the case to the circuit court for it to consider Rennae Ellis' request for attorney fees incurred since the circuit court issued its judgment.

HOWARD, P.J., and BRECKENRIDGE, J., concur.